MASON, ERNEST E. (Retired), Associate Judge.
This is an appeal from a final judgment rendered by the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County. The judgment was entered in a suit at law upon a promissory note. The note was executed by the appellant, Slomo-vic, as maker, with the appellee, Petryk, as payee. The note was given as evidence of an amount due by appellant on account of the balance of the purchase price of certain land bought by appellant from appellee. Simultaneously with the execution of the note appellant gave to the appellee a mortgage deed to secure the payment of the note. The mortgage recites that it is a purchase money second mortgage given to secure the exact note sued upon in this suit and that it is to become void upon payment in full of the principal and interest of said note.
The note as executed by appellant, and as set forth verbatim in the mortgage securing it, is for $21,000.00 as principal, dated February 23rd, 1973, and payable beginning March 23rd, 1973, in installments of $200.00 each for twenty-three months “with the balance due within (2) years at 8% interest”. It provides that it may be prepaid in whole or in part at anytime without penalty. Appellant regularly paid the first twenty-three monthly installments as they accrued and appellee credited her with said payments, applying part of each monthly payment to interest due on the then balance and the remainder of such to principal. This is evidenced by appellee’s loan amortization schedule placed by him in evidence at the trial below. But at the end of the two year period from the date of execution of the note appellee demanded of appellant the remaining principal balance due on February 23rd, 1975, in the sum of $19,513.91. This amount was calculated as the amount due after crediting as against the principal and accrued interest the $200.00 monthly payments theretofore paid by appellant. Appellant refused to pay this balloon balance as demanded, claiming that under the provisions of Section 697.05, F.S. (1975), she had the right to pay this balance in monthly installments of $200.00. Thereupon, appel-lee elected to sue on the note without foreclosing the mortgage securing the same as aforesaid.
Appellant answered the complaint raising the affirmative defense that the note was given to secure a balloon mortgage executed simultaneously with the note, that both instruments were parts of one and the same transaction, and that she was not in default, claiming that because the mortgage was a balloon mortgage she was entitled to pay the balloon balance in monthly installments of $200.00. She claimed by her answer that the appellee is estopped from bringing this action because of her alleged right to pay such balance in such installments. She relies upon the provisions of F.S. 697.05 (1975), to sustain her position.
Section 697.05, F.S. (1975) provides that any conveyance given for the purpose of *210 securing money is deemed a mortgage and that every such mortgage in which the final payment or the balance due and payable upon maturity is greater than twice the amount of the regular monthly or periodic payment of the said mortgage is a balloon mortgage. The statute further directs that the fact that such instrument is a balloon mortgage shall be printed or clearly stamped on it. Failure of the mortgagee or creditor to comply with such requirement shall automatically extend the maturity date of the mortgage in the following manner:
“The final payment of the balance due and payable is to be divided by the regular monthly or periodic payment and the quotient so secured is to be the number of months or periods the maturity date of the mortgage is extended. The mortgagor shall continue to make such monthly or periodic payments until the principal of the mortgage is paid. All such payments shall be credited to the principal only.” F.S. 697.05(3) (1975).
The statute further provides that any mortgagee or creditor violating the provisions of the same shall forfeit the entire interest charged, contracted to be charged or reserved under any such mortgage written in violation of such provisions, and that only the principal sum of such mortgage can be enforced in any court in this state, either at law or in equity. Further, that “any interest, collection charge or attorney fee that has been paid or reserved or contracted for, either directly or indirectly, shall be forfeited to the person or mortgagor presently obligated under such mortgage.” (Emphasis supplied).
It is clear from an examination of the mortgage securing the note sued upon herein that such mortgage is a balloon mortgage within the statutory definition above referred to, and that the legend required by the statute was not placed upon the mortgage. The record herein further affirms that the appellee refused to permit the appellant to pay the balloon balance in monthly installments as required by the statute but on the contrary demanded its payment in full upon the maturity date of the mortgage and note.
As stated above, appellee elected to sue on the note without foreclosing the mortgage, claiming that he had the right of election of remedies. The court below held that he had such right and entered judgment for the balloon balance of $19,513.91 as principal plus interest from February 23rd, 1975, the maturity date of the balloon balance, to the date of judgment at the rate prescribed in the note. Such interest amounted to $1,479.85. The court also awarded an attorney’s fee to appellee in the sum of $2500.00. Subsequent to the entry of such judgment, execution was issued and the Sheriff levied upon and advertised for sale the exact property covered by the mortgage. Whereupon, appellant filed notice of appeal and secured supersedeas upon the giving of appeal bond in an amount fixed by the court.
The issue to be decided by us is whether the provisions of F.S. 697.05 (1975) apply to this lawsuit or whether the appellee had the right of election to sue upon the note only, thereby seeking a general judgment against the appellant without resort to foreclosure proceedings, and thus avoid the consequences of the requirements of that statute.
It is the appellant’s position that inasmuch as the note sued upon was secured by a balloon mortgage given simultaneously with the execution of the note the appellee is bound by the provisions of the Balloon Mortgage Statute (F.S. 697.05 (1975)) and cannot avoid the penalties of the statute by separating the note from the mortgage and suing upon it only.
Appellee maintains that he has an election of remedies and may avoid the penalties of the statute by electing to sue on the note only. He cites as authority for his position the general principle of law that where a party has several remedies he may elect one and abandon the others. But he also cites as authority for his claimed right to sue only on the note in this suit a provision of the Uniform Commercial Code dealing with secured transactions (F.S. 679.-501(1)(1975)) which provides cumulative *211 remedies in the event of default by the debtor. This statute provides that when a debtor is in default under a security agreement, a secured party may reduce his claim to judgment, foreclose or otherwise enforce the security interest by any available judicial procedure. It further provides that the rights and remedies enumerated in it are cumulative.
The literal effect of this provision of the Uniform Commercial Code as applied to the facts in this ease would be to permit the mortgagee to elect to sue on the secured note, secure a general judgment, levy execution of same upon the property covered by the mortgage, as was done in this case, and if the sale price upon such execution sale turned out to be less than the amount of the judgment, to levy upon and sell at execution any and all other property owned by the mortgagor until the judgment had been satisfied in full, thereby avoiding the penalties of the Balloon Mortgage Statute.
We hold that where a balloon second mortgage is given to secure a promissory note simultaneously with the execution of the note, and where the mortgagee fails at the time to comply with the provisions of F.S. 697.05(2)(a)(b)(1975) which require the printing or stamping upon the mortgage of the legend indicating that it is a balloon mortgage, and setting forth such legend in the language prescribed by such statute, the payee of the note secured by such mortgage is subjected to the penalties prescribed by the statute, and that he cannot avoid such penalties by separating the note from the mortgage and suing upon it only, as was attempted to be done in this case. To hold otherwise would be a mockery and would fly in the face of the abuse which the legislature evidently intended to correct when it enacted F.S. 697.05.
The Supreme Court of Florida in the case of Winner v. Westwood, 237 So.2d 151 (Fla.1970), in upholding the constitutionality of the balloon mortgage statute (F.S. 697.05 (1975) as against a charge that it excessively Burdened freedom of contract, stated:
“We agree that the statute is constitutional. Its purpose was to regulate the practice of drafting mortgages in terms which allowed for payment of relatively small installments for a period of time of relatively short duration, at the end of this period the balance becoming due in full. This technically legal practice became the subject of abuse, particularly when applied to second and third mortgages and the like, because of use in situations where the tentative mortgagee wished to give the illusion of ‘easy payments’, while saying little about the ultimate consequences.
“In response to this abuse, the legislature enacted the Balloon Mortgage Statute. By its terms, this statute does not condemn the practice, presumably because of the realization that parties competent to contract are assumed to know what they are doing. But the statute does require that in any mortgage in which the final payment is more than twice the amount of the regular periodic payments called for in the mortgage, a legend must be included at the top of the first page and also immediately above the signature lines, in conspicuous print at least as large as the largest print in the text of the mortgage, as follows: (Here follows the exact statutory language of the legend.)
“If the balloon mortgage does not contain the required legend . . . the mortgagee forfeits all interest received or to be received, and all collection charges and attorneys’ fees, and the life of the note is extended by as many periodic payment periods as are necessary to pay off the mortgage at the initial periodic payment rate.” (Emphasis supplied)
Thus it is evident from this decision of the Supreme Court that not only does the mortgagee suffer the penalties of loss of interest, collection charges and attorney’s fees, but also the life of the secured note is extended in the manner set forth, in those cases where the balloon mortgage requirement of the statute is not fulfilled. And this holding of the Supreme Court clearly negates the idea that the note may be separated from the mortgage and reduced to general judgment as was done in this case.
*212 Our holding herein does not vitiate the provisions of the Uniform Commercial Code relied upon by the appellee for that particular statute is applicable to all security agreements other than balloon mortgages. This is true because of the legal principle of statutory construction that where there is apparent conflict between two statutes dealing with a general subject matter the courts will adopt a construction which comports with reason and logic and which will give validity and application to both statutes. This we have done by our holding herein.
We reverse and remand with directions to the trial court to set aside the final judgment heretofore entered herein and to enter an order extending the life of the note sued upon by as many periodic payment periods as are necessary to pay off the note at the initial periodic payment rate, without interest, collection charges and attorney’s fees which shall be declared forfeited, all in accordance with the penalty provisions of F.S. 697.05 (1975). Such extension to be conditioned upon the appellant paying within such time as shall be determined by the trial court all period installments of $200.00 each which would have accrued since February 23rd, 1975, had the appellee accepted the same as he was obligated so to do by the provisions of said statute.
Upon the entry of such order the trial court shall reserve jurisdiction to enter such other and further orders as are necessary to compel compliance with such order and the opinion herein expressed.
REVERSED and REMANDED.
CROSS, J., and SMITH, CULVER, Associate Judge, concur.