522 So.2d 31 (1987)
Beverly ROFFMAN and Charles Roffman, Her Husband, Appellants,
v.
SEARS, ROEBUCK & CO. and Montgomery Elevator Company, Appellees.
No. 4-86-1244.
District Court of Appeal of Florida, Fourth District.
November 4, 1987.
Rehearing Denied April 15, 1988.
*32 Martin J. Sperry of Martin J. Sperry, P.A., Ft. Lauderdale, for appellants.
John R. Hargrove and Lillian Wolf of Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson & Casey, Ft. Lauderdale, for appellee, Sears, Roebuck & Co.
Anthony D. Dwyer and Diane H. Tutt of Blackwell, Walker, Fascell & Hoehl, Miami, for appellee Montgomery Elevator Co.
DELL, Judge.
This appeal arises out of an action filed by appellants Beverly Roffman and her husband, Charles Roffman, for personal injuries allegedly sustained by Beverly as a result of an unexpected stop of an escalator.
Appellee Sears, Roebuck & Company (Sears) owned the escalator and Montgomery Elevator Company (Montgomery) manufactured, installed and maintained it. Appellants filed a two count complaint against appellees alleging simple negligence and negligence per se. The jury returned a verdict in favor of appellees. Appellants raise seven points on appeal. We will address only the arguments made in support of appellants' contention that the trial court erred when it refused to instruct the jury on res ipsa loquitur and when it directed a verdict on appellants' claim of simple negligence.
The evidence in this case consisted of numerous expert witnesses testifying to a multitude of possible reasons why the escalator on which Beverly Roffman was riding unexpectedly stopped. Much of the evidence had little probative value since a Sears maintenance man testified that the escalator stopped because a circuit breaker tripped. The expert witnesses generally agreed that the circuit breaker would trip only upon the escalator's motor burning out or some other major failure in the escalator, or because of a power failure or surge in the electrical power lines coming into the Sears store. There was no testimony that established either a motor failure, a major malfunction or that conclusively established a power surge. Although appellants' expert witness testified that "there had to be a malfunction because it wouldn't have stopped unless someone turned the key off," he offered no testimony that the escalator would not have stopped in the ordinary course of events without negligence on the part of appellees. The record also fails to disclose any evidence from which a jury could conclude that appellees either knew or should have known of a defective or dangerous condition in the escalator mechanism.
In Otis Elevator Company v. Chambliss, 511 So.2d 412 (Fla. 1st DCA 1987), the district court concluded that the trial court erred when it instructed the jury on the doctrine of res ipsa loquitur and reversed a judgment in favor of the plaintiffs. The plaintiff in Otis fell on an escalator in a Sears department store when it stopped suddenly. The plaintiff claimed that Sears and Otis negligently failed to maintain the escalator and that the escalator was defectively designed and manufactured by Otis. As in the case sub judice, the plaintiffs presented no evidence that the escalator was defectively designed or manufactured and no evidence that either Otis or Sears negligently maintained the escalator. This case differs slightly from *33 Otis because the plaintiffs in Otis failed to present any evidence as to why the escalator stopped. Here, the Sears maintenance man testified that the escalator stopped because the breaker tripped. However, appellants failed to present evidence from which the jury could have concluded that the breaker would not have tripped but for negligence on the part of appellees. The court in Otis stated:
The doctrine of res ipsa loquitur is a doctrine of "extremely limited applicability." Goodyear Tire & Rubber Co. v. Hughes Supply, Inc., 358 So.2d 1339 (Fla. 1978). The doctrine's applicability has been described in Goodyear thusly:
Essentially, the injured plaintiff must establish that the instrumentality causing his or her injury was under the exclusive control of the defendant, and that the accident is one that would not, in the ordinary course of events, have occurred without negligence on the part of the one in control. The district courts of Florida have expanded the doctrine far beyond its intended perimeters, both by liberalizing the elements requisite to its application and by allowing the development of inferences not only as to the incident itself but also as to pre-incident acts, such as manufacture or production.
Plainly, the threshold inquiry is whether that which occurred is a phenomenon which does not ordinarily happen except in the absence of due care. The initial burden is on the plaintiff to establish that the circumstances attendant to the injury are such that, in the light of past experience, negligence is the probable cause and the defendant is the probable actor. An injury standing alone, of course, ordinarily does not indicate negligence. The doctrine of res ipsa loquitur simply recognizes that in rare instances an injury may permit an inference of negligence if coupled with a sufficient showing of its immediate, precipitating cause.
Id. at 413-14.
We hold that appellants failed to carry their initial burden to show that the escalator would not have unexpectedly stopped but for negligence on the part of appellees. In the absence of such a showing the trial court did not err in refusing to instruct the jury on res ipsa loquitur.
Finally, the record is devoid of any evidence of direct negligence on the part of appellees. While the record shows that the escalator unexpectedly stopped, it does not contain evidence that would establish that the stopping distance of the escalator failed to meet minimum safety standards. See Lord v. J.B. Ivey & Company, 499 So.2d 12 (Fla. 1st DCA 1986). Therefore we find no error in the trial court's entry of a directed verdict on appellants' claim of simple negligence.
Accordingly we affirm the judgment in favor of appellees.
AFFIRMED.
ANSTEAD and GUNTHER, JJ., concur.