FERGUSON, Judge.
In 1985, Cat-Ketch Corporation, Ltd., a Cayman Island’s boat-building firm, principally located in Honduras, executed and delivered a promissory note in the amount of $407,000 to OPIC, a public company organized under United States law to provide loans to businesses in developing nations. John R. Newton, Jr., president of Cat-Ketch, by a sponsor agreement, personally and unconditionally guaranteed payments due under the OPIC loan. When Cat-Ketch and Newton defaulted, OPIC brought this lawsuit to recover the entire outstanding principal of the loan plus accrued interest.
Newton asserted as affirmative defenses the statute of frauds, duress, breach of oral agreements, fraud, impossibility of performance, estoppel, and set-off. He also counterclaimed on theories of tortious interference, breach of contract, civil fraud, civil conspiracy, negligence and set-off. Newton alleged that he was induced to guarantee the loan and to enter into additional interim financing with other lenders in reliance on OPIC’s false oral assurances that OPIC would provide future funding for Cat-Ketch and help it implement a private placement plan.
This appeal is brought from a summary judgment entered in favor of OPIC for breach of contract and enforcement of the guarantee, in the amount of $481,776.57 plus costs and attorney’s fees, and from a separate order which limits recovery by Newton on his compulsory counterclaim to an offset against OPIC’s claim.
OPIC’s affidavits in support of its motion for summary judgment did not controvert Newton’s affirmative defenses or his affidavits filed in support of those affirmative defenses. Where a defendant pleads affirmative defenses and the mov-ant-plaintiff does not by affidavit disprove the defenses, or does not establish the legal insufficiency of the defenses, it is fundamental error to enter a summary judgment for the plaintiff. Mathews v. Dime Sav. Bank of N.Y., 507 So.2d 1196 (Fla. 3d DCA 1987); O’Neal v. Brady, 476 So.2d 294 (Fla. 3d DCA 1985); Harrison v. McCourtney, 148 So.2d 53 (Fla. 2d DCA 1962). For that reason the summary judgment for OPIC must be reversed.
We affirm the order limiting Newton’s recovery against OPIC. In Optiperu, S.A. *226 v. Overseas Private Inv. Corp., 640 F.Supp. 420 (D.D.C.1986), the federal district court reviewed, exhaustively, the legislative history of OPIC, noting that 22 U.S.C. section 2199(d), which identifies the general corporate powers granted to OPIC by Congress authorizes OPIC “to sue and be sued” but “contains no express grant of jurisdiction to this court [the federal district court] or any other court [state or federal] to entertain an action brought by or against OPIC for an alleged breach of contract.” Id. at 421 (emphasis added). The court concluded that (1) OPIC is a federal instrumentality and (2) a claim against OPIC is controlled by the Tucker Act — 28 U.S.C. sections 1346(a) and 1491— which gives exclusive jurisdiction to the United States Claims Court where the amount sought in a breach of contract action exceeds $10,000.
The Tucker Act, a statutory relaxation of sovereign immunity, governs claims against the United States. It does not, however, preclude relief to a defendant by way of set-off, recoupment, or compulsory counterclaim where the federal instrumentality institutes suit. Since OPIC’s filing of the contract action in the state court constitutes a limited waiver of sovereign immunity, see 6 Wright & Miller, Federal Practice and Procedure: Civil § 1427 (Supp.1988) (citing United States v. Transamerica Ins. Co., 357 F.Supp. 743 (E.D.Va.1973)), the trial court was correct in allowing Newton to assert his affirmative defenses and counterclaims to the extent they defeat or diminish OPIC’s claim. See e.g., Frederick v. United States, 386 F.2d 481 (5th Cir.1967) (when sovereign sues it waives immunity as to claim of defendant which asserts matters in recoupment, that is, arising out of the same transaction or occurrence which is the subject matter of the sovereign’s suit, and to the extent of defeating sovereign’s claim). It is undisputed that Newton’s claims arise out of the same transaction and occurrence underlying OPIC’s claims.
Although there appears to be uniform agreement that a defendant in an action by the United States can reduce the government’s recovery by recoupment or set-off, the courts are divided as to whether 28 U.S.C. section 1346(a) permits an affirmative recovery upon a counterclaim against the United States. See 3 Moore’s Federal Practice, § 13.5 (Supp.1989) (citing Thompson v. United States, 250 F.2d 43 (4th Cir.1957) (allowing, in appropriate circumstances, affirmative relief within the $10,-000 jurisdictional limit of the Tucker Act); United States v. Silverton, 200 F.2d 824 (1st Cir.1952) (same). Contra United States v. Ameco Elec. Corp., 224 F.Supp. 783 (E.D.N.Y.1963)). See Frederick v. United States, 386 F.2d at 488 (the sovereign does not waive immunity to claims which do not meet the “same transaction or occurrence test”). We adopt the view that a defendant may assert a compulsory counterclaim against the United States to the extent of the government’s claim.
Affirmed in part; reversed in part, and remanded for further proceedings.