646 So.2d 809 (1994)
Todd BERENSON and Julie R. Berenson, his wife, Appellants,
v.
SOUTHERN BAPTIST HOSPITAL OF FLORIDA, INC., a Florida Corporation, d/b/a Baptist Medical Center, Appellee.
No. 93-77.
District Court of Appeal of Florida, First District.
December 8, 1994.
Rehearing Denied January 19, 1995.
*810 Jefferson W. Morrow of David & Morrow, P.A., Jacksonville, for appellants.
Charles Thomas Shad of Williams, Shad & Cleary, P.A., Jacksonville, for appellee.
PER CURIAM.
On May 8, 1991, appellant Todd Berenson visited appellee's building, known as Baptist Medical Center, in order to obtain some information from a physician who maintained an office in the medical center. A security guard advised Berenson that the elevators were disabled because of an electricity outage. The guard then directed Berenson to a stairwell which, according to the guard, had emergency lighting. The physician's office was located on one of the higher floors of the medical center. After climbing some ten flights, Berenson found he had reached the end of his energy reserves and decided to exit the stairwell. After he began his journey back down, the emergency lighting system failed and the interior of the stairwell went completely black. In the darkness Berenson missed a step and, in his words, "went flying." According to interrogatory answers filed by appellee, the emergency lighting was restored within one minute.
Appellee moved for summary judgment, urging that Berenson's own negligence was as a matter of law the sole proximate cause of the accident. After hearing, the circuit judge entered a summary final judgment in favor of the medical center.
Under the summary judgment procedure utilized in this state, the nonmoving party need make no showing in support of his claim until the moving party has, by affidavit or otherwise, completely negated all allegations and inferences raised by the nonmoving party. Holl v. Talcott, 191 So.2d 40, 43 (Fla. 1966); Johnson v. Deep South Crane Rentals, Inc., 634 So.2d 1113 (Fla. 1st DCA 1994); Pennco, Inc. v. American General Home Equity, Inc., 629 So.2d 307 (Fla. 2d DCA 1993). The nonmoving party is not bound to come forward with any evidence or inferences until the proponent of the motion has met its exceedingly high burden. This burden requires the movant to demonstrate conclusively that the nonmoving party cannot prevail. Gomes v. Stevens, 548 So.2d 1163 (Fla. 2d DCA 1989). In the present case, while it may be said that evidence of negligence on the part of the medical center is scant, such is not the controlling inquiry. The order under review is replete with references to Berenson's failure to establish the medical center's negligence by any evidence or inference. Berenson, however, had no obligation to come forward with any such evidence or inference. Rather, it was upon appellee, who controlled both the emergency lighting system and the security guard who sent Berenson up the stairwell, to conclusively refute the allegations of negligence. Moore v. Morris, 475 So.2d 666 (Fla. 1985); Wills v. Sears, Roebuck & Co., 351 So.2d 29 (Fla. 1977); Washington v. Fleet Mtg. Corp., 631 So.2d 364 (Fla. 1st DCA 1994). The cases relied upon by the dissent are not contra. With one exception these cases are plenary appeals from jury verdicts, not involving summary judgment law as it has evolved in this state.
At trial, appellant will have the burden of establishing a prima facie case of negligence in order to be entitled to a jury ruling. Whether he can do that or not, we are unable to say. At this point, however, we conclude that the court below improvidently granted the motion for summary judgment.
REVERSED.
*811 ZEHMER, C.J., and KAHN, J., concur.
BENTON, J., dissents with written opinion.
BENTON, Judge, dissenting.
I respectfully dissent. Appellant blames the fall he alleges he took at Baptist Medical Center (Baptist) on the breach of a duty he claims Baptist owed him. Specifically, he alleges that Baptist owed him a duty "to exercise reasonable care to eliminate dangers and defects in the areas of the stairwell," and that Baptist "knew or should have known that the emergency lighting would have cut off." If there were evidence that could prove, or from which one might reasonably infer, the truth of either of these allegations, summary judgment would have been improper.
As it is, summary judgment was legally correct, and would have been an eminently sensible end for this litigation. The stairs were equipped with hand rails and built to code. There is not so much as a hint of any danger or defect apart from the power failure. Asked to explain his fall, Mr. Berenson testified on deposition, "I might have missed a step, lights were out."
The lights were indeed out. Answers to interrogatories established:
Lighting in the stairwell was on the "Life Safety branch of power", which means if normal power fails, the emergency generator will come on line and provide power to Life, Safety Circuits. On May 8, 1991, the normal power did fail and the generator came on providing lighting to the stairwell. After a short time, the emergency generator breaker tripped, but was reset in less than one minute, by Baptist Medical Center Personnel who were on standby at the generator location during power outages.
But the answers to interrogatories also negated plaintiff's contention that Baptist knew or had reason to know that the circuit breaker would trip.
There had been no prior claims, no prior complaint by any invitee, no problems of any kind with the emergency lighting system before this incident, according to the interrogatory answers. Baptist "was in compliance with all State, local and Federal Codes, specifically in compliance with the National Electrical Code, HRS10D-28, and the Life Safety Code NFPA101." These undisputed facts refute the allegation that Baptist had any reason to anticipate the sudden darkness into which Mr. Berenson was plunged.
In short, the pleadings, depositions and answers to interrogatories on file show that there is no genuine issue as to any material fact. None of the undisputed facts support any inference that the brief failure of the emergency lighting was the result of negligence on Baptist's part. See Goodyear Tire & Rubber Co. v. Hughes Supply, Inc., 358 So.2d 1339 (Fla. 1978). A defendant's motion for summary judgment does not relieve the plaintiff of his burden of proof in the main case. While the majority reports that "it may be said that evidence of negligence on the part of the medical center is scant," the record reflects no such evidence at all.
Summary judgment was properly entered, and should be affirmed. Schaap v. Publix Supermarkets, Inc., 579 So.2d 831, 834 (Fla. 1st DCA 1991); see also Szilagyi v. North Fla. Hotel Corp., 610 So.2d 1319, 1322-23 (Fla. 1st DCA 1992) (elevator accident did not establish liability on owner's part where no evidence demonstrated negligence in maintenance of the elevator); Roffman v. Sears, Roebuck & Co., 522 So.2d 31 (Fla. 4th DCA 1987) (no evidence that circuit breaker's tripping was result of defendant's negligence; jury could not find liability based on res ipsa loquitur).