976 So.2d 680 (2008)
David DEUTSCH, Appellant,
v.
GLOBAL FINANCIAL SERVICES, LLC; First Select Corporation; Effie M. Swanson, a/k/a E. Swanson Mabel Hildegard Daniels; Southern International Corporation; William Fleming and Mary A. Fleming, individually and as husband and wife; James W. Dickinson; Clyde N. Best and Rita Best, individually and as husband and wife; and J. Hoffmans, Appellees.
No. 2D05-6170.
District Court of Appeal of Florida, Second District.
March 19, 2008.
Troy Nader, North Miami Beach, for Appellant.
No appearance for Appellees.
SILBERMAN, Judge.
David Deutsch appeals a Final Summary Judgment Quieting Title in favor of Global *681 Financial Services, LLC. Because the record reflects that genuine issues of material fact remain in dispute, we reverse and remand for further proceedings.
Global filed suit to quiet title to several parcels of real property located in Lee County. Global alleged that tax certificates had been issued for the properties due to the nonpayment of taxes. It also alleged that after appropriate notice, the properties were sold and tax deeds were issued. Global claimed ownership of the properties by virtue of the tax deeds.
Deutsch, appearing pro se, answered the complaint and denied Global's allegations. He contended that Global's tax deed as to one of the properties, lot 10, should be voided because lot 10 was wrongfully sold by tax deed. He claimed that his address was known by the Lee County Tax Collector and the Lee County Clerk of Court and that he "never received any notice of any kind with regard to the subject property." He stated that he would have redeemed lot 10 had he been properly noticed of the impending tax sale and that he was entitled to fee simple ownership of that lot.
Global filed a motion for summary judgment and a supporting affidavit by its managing member. The affiant merely asserted that the case was a quiet title action to six parcels of property in Lee County and that the facts alleged in the complaint were true and correct. Neither the affidavit nor any other record documents countered the statements contained in Deutsch's answer.
An attorney then appeared in the trial court on Deutsch's behalf and filed Deutsch's affidavit in opposition to the motion for summary judgment. In the affidavit, Deutsch restated the assertions contained in his answer and provided additional information. He stated that he had mailed an appropriate change of address form to the property appraiser's office, giving notice of his address change. He stated that Lee County's tax collector and the clerk of the court had his proper address approximately four months prior to the sale of lot 10 and that the "tax assessor" also knew his correct address. He averred that he never received any notice concerning lot 10 and that lot 10 was wrongfully sold to Global. He also stated that he had the financial ability at that time to pay the taxes and that he would have redeemed the property if he had been properly noticed of the impending tax sale.
The trial court conducted a brief hearing on Global's motion for summary judgment. Mr. Deutsch's counsel stated that Deutsch had changed his address with the tax collector concerning a different property and that the tax collector acknowledged having received the new address. He also stated that the notice of tax sale concerning lot 10 went to an old address. Counsel then argued that "the tax collector knew or should have known that the property owner's address had changed" and that "the tax collector has not done what it needed to do to send out proper notice. Therefore, summary judgment should not be entered for title." Counsel cited to Rosado v. Vosilla, 909 So.2d 505 (Fla. 5th DCA 2005) (en banc), approved, 944 So.2d 289 (Fla.2006).[1]
Global, through its counsel, stated that Deutsch had sent a letter to pay off a tax deed on another property that he owns and that he had not corresponded with the tax collector as to lot 10. Counsel argued, "Are they supposed to now, every time they get a letter, cross-reference these properties?" He indicated that lot 10 never *682 had a corrected address. Deutsch's counsel responded that the issue was "whether the tax collector knew or should have known" Deutsch's correct mailing address.
The trial court granted summary judgment, finding that the clerk of the court and the county tax collector "did not have notice nor should they have known that the Defendant, David Deutsch changed his address to the subject property."
We review a summary judgment de novo. Estate of Githens ex rel. Seaman v. Bon Secours-Maria Manor Nursing Care Ctr. Inc., 928 So.2d 1272, 1274 (Fla. 2d DCA 2006). The moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, admissions, affidavits, and other materials as would be admissible in evidence on file show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fla. R. Civ. P. 1.510(c). The moving party bears the burden of proving the nonexistence of issues of material fact, and every possible inference must be viewed in favor of the party opposing the summary judgment. Githens, 928 So.2d at 1274. The burden of proving the existence of genuine issues of material fact does not shift to the opposing party until the moving party has met its burden of proof. Id. As we stated in Nard, Inc. v. DeVito Contracting & Supply, Inc., 769 So.2d 1138, 1140 (Fla. 2d DCA 2000), "the merest possibility of the existence of a genuine issue of material fact precludes the entry of final summary judgment." Further, the moving party has the burden to refute any affirmative defenses or to establish their legal insufficiency. Morroni v. Household Fin. Corp. III, 903 So.2d 311, 312 (Fla. 2d DCA 2005).
Section 197.522, Florida Statutes (2003), is titled, "Notice to owner when application for tax deed is made." When such an application is made, section 197.522(1)(a) requires the clerk of the circuit court to give notice by certified mail to those persons listed in the statement provided by the tax collector pursuant to section 197.502(4). However, if no address is listed in the tax collector's statement, then notice is not required. § 197.522(1)(a).
Section 197.502(4) requires the tax collector to provide a statement to the clerk indicating, among other things, those persons who are to be notified prior to the sale of the property. Persons entitled to notice include the legal titleholder of record and any person to whom the property was assessed on the tax roll for the year in which the property was last assessed. Id. Section 197.502(4)(a) describes the following legal titleholders of record who are entitled to notice:
Any legal titleholder of record if the address of the owner appears on the record of conveyance of the lands to the owner. However, if the legal titleholder of record is the same as the person to whom the property was assessed on the tax roll for the year in which the property was last assessed, then the notice may only be mailed to the address of the legal titleholder as it appears on the latest assessment roll.
In Rosado, the Fifth District considered due process requirements relating to notice before the taking of property. The court stated that the key issue was whether notice to the Rosados, the property owners, was reasonably calculated under all of the circumstances to apprise them "of the tax deed sale and to afford them an opportunity to present their objections." 909 So.2d at 511.
The Fifth District described the factual findings that the trial court made: the Rosados had notified the tax collector and *683 the clerk of court of their change of address prior to the clerk sending out notice of the tax sale; neither the tax collector nor the clerk updated the Rosados' address in the assessment roll or the clerk's records; the Rosados did not receive notice of the application for a tax deed or notice of the tax deed sale; and the taxing agencies were at fault for the Rosados' failure to receive notice. The Fifth District concluded that the statutory notice that had been given "was not reasonably calculated to apprise the Rosados of the impending tax deed sale where the tax collector and the clerk knew or should have known that the address listed on the tax roll was incorrect." Id.
The Florida Supreme Court approved Rosado and the court described the issue as follows:
[W]hether notice to a property owner that the property is scheduled for a tax deed sale, sent in compliance with section 197.522(1), Florida Statutes (2000), nonetheless violates due process of law when the taxing authority has received a change of address from the property owner but sends the tax sale notice to the owner's former address.
Vosilla v. Rosado, 944 So.2d at 289, 291 (Fla.2006). The court concluded that under such circumstances, "the notice was not reasonably calculated to apprise the owners of the tax deed sale, which is the due process test." Id.
Here, Global did not carry its burden to obtain summary judgment. Deutsch stated in his affidavit that he submitted his change of address form well in advance of the sale of lot 10 to Global and that the tax collector and clerk had his proper address prior to the sale. Global's counsel argued to the trial court that Deutsch's notice of address change was sent regarding a different property and was not sufficient as to lot 10. However, Global did not present evidence establishing these contentions, and counsel's argument is not evidence. See Bon Secours-Maria Manor Nursing Care Ctr., Inc. v. Seaman, 959 So.2d 774, 778 (Fla. 2d DCA 2007). Notably, the record contains no evidence from the tax collector's office, the clerk's office, or any other source contradicting Deutsch's statements. Therefore, because Global failed to carry its burden in order to obtain summary judgment, we reverse the Final Summary Judgment Quieting Title and remand for further proceedings.
Reversed and remanded.
WHATLEY, J., Concurs.
ANDREWS, HORACE A., Associate Judge, Concurs with opinion.
ANDREWS, HORACE A., Associate Judge, Concurring.
I concur that there is a dispute of material fact which precludes the award of summary judgment in this case, but write to express a different focus. My focus is on the issue of due process. Due process in a case like this requires a reasonable effort by the taxing authority to get actual notice to the citizen of the impending tax sale of his property.
The tax deed was issued by the clerk of the circuit court to Global on October 5, 2004. The deed recites "due notice of sale having been published as required by law" and reflects the sale of the property by Lee County to Global. At the hearing on the motion for summary judgment the record contained the affidavit of Deutsch stating that he never received the statutory notice. Other than the recitation in the deed, there is nothing in the record to show that the clerk attempted to notify Deutsch at any address of the tax sale.
*684 On June 14, 2004, Deutsch redeemed a tax certificate on another parcel of property he owned, notifying the Lee County tax collector to "mail the receipt to me" at an address in Miami, Florida. The county tax collector mailed a redemption receipt dated June 17, 2004, to Deutsch at the Miami address. Further, Deutsch stated in an affidavit filed with the trial court that he "informed the property appraiser's office" of his change of address by filing a "change of address form." The form is not in the appeal record, but the affidavit is uncontradicted evidence. Further, there is no evidence in the record as to procedures for updating the tax roll employed by the appraiser's office upon its receipt of a change of address form or a redemption letter relating to other property such as that sent by Deutsch.
In Vosilla v. Rosado, 944 So.2d 289 (Fla. 2006). The Florida Supreme Court held that notice of a tax deed sale which was sent to a property owner's old address did not comport with the requirements of due process when the taxing authorities "knew or reasonably should have known" that the address listed on the tax rolls was incorrect. Id. at 300. Further, in Delta Property Management, Inc. v. Profile Investments, Inc., 875 So.2d 443, 448 (Fla.2004), the court stated, "[w]hile the clerk should use the tax collector's statement when preparing the tax sale notices, circumstances may warrant some additional action by the clerk." The following language from that case is appropriate here:
The importance of notice when a person may be deprived of an interest in real property cannot be overemphasized. The United States Supreme Court in Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950), stated: "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. The notice must be of such nature as reasonably to convey the required information, and it must afford a reasonable time for those interested to make their appearance. . . .
But when notice is a person's due, process which is a mere gesture is not due process. The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it." Id. at 314-15, 70 S.Ct. 652, (citations omitted). Years later, the Supreme Court further elaborated on this due process requirement when it said, "Notice by mail or other means as certain to ensure actual notice is a minimum constitutional precondition to a proceeding which will adversely affect the liberty or property interests of any party, whether unlettered or well versed in commercial practice, if its name and address are reasonably ascertainable." Mennonite Bd. of Missions v. Adams, 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983)
Id. at 447.
In this summary judgment case, the trial court made no reference to what "additional action" the Lee County clerk may have taken in order to satisfy the due process requirements described by the United States and Florida Supreme Courts. Any issue of the reasonableness of certain behavior or as to what level of care was actually performed are ordinarily evidentiary questions for determination by the trier of fact. Looking at what was before the trial court at the time the order was entered, there is an inadequate record to support its finding that the "Clerk of Court or the County Tax Collector did not *685 have notice nor should they have known that . . . Deutsch changed his address to the subject property." This resulted in a deprivation of due process.
In Jones v. Flowers, 547 U.S. 220, 126 S.Ct. 1708, 164 L.Ed.2d 415 (2006), the Court stated:
We do not think that a person who actually desired to inform a real property owner of an impending tax sale of a house he owns would do nothing when a certified letter sent to the owner is returned unclaimed.
Id. at 229, 126 S.Ct. 1708.
Although the State may have made a reasonable calculation of how to reach Jones, it had good reason to suspect when the notice was returned that Jones was "no better off than if the notice had never been sent."
Id. at 230, 126 S.Ct. 1708.
Mr. Jones should have been more diligent with respect to his property, no question. People must pay their taxes, and the government may hold citizens accountable for tax delinquency by taking their property. But before forcing a citizen to satisfy his debt by forfeiting his property, due process requires the government to provide adequate notice of the impending taking.
. . . .
[W]e conclude the State should have taken additional reasonable steps to notify Jones, if practicable to do so. The question remains whether there were any such available steps.
Id. at 234, 126 S.Ct. 1708.
Here, the trial court's sole finding that the "Clerk of Court or the County Tax Collector did not have notice nor should they have known that . . . Deutsch changed his address," is unsupported by competent, substantial evidence and there was no evidence of what steps the clerk or the tax collector could have reasonably taken to ascertain Deutsch's correct address under all the circumstances here.
Under Vosilla, 944 So.2d at 295, there must be sufficient facts in the record to permit a determination as to "whether the notice was reasonably calculated to apprise [Deutsch] of the impending tax sale." If a reasonable effort by the clerk or the tax collector would have produced Deutsch's new address, then due process required such reasonable effort. Whether or not an effort is reasonable must be ascertained by the trial court according to the standards established in the cases cited herein. Without a finding based on record evidence on this due process issue summary judgment is not appropriate.
I cannot say absent the facts in the record what a reasonable effort may have been in this case, but I am guided by the Supreme Court's ultimate conclusion in Jones, 547 U.S. at 238, 126 S.Ct. 1708: "[W]e conclude, at the end of the day, that someone who actually wanted to alert [the property owner] that he was in danger of losing his house would do more when the attempted notice letter was returned unclaimed, and there was more that reasonably could be done." The trial court's "finding" here is contradicted by Deutsch's affidavit and the documents he put into the record. Consequently there is a genuine issue as to a material fact and Global is not entitled to judgment as a matter of law.
NOTES
[1] The supreme court's opinion, approving the Fifth District's decision, was issued approximately one year after the summary judgment hearing in this case.