VILLANTI, Judge.
 

 Thomas and Sue Brock appeal the trial court’s summary final judgment in favor of Raymond and Pamela Orozco in an action brought by the Orozcos to terminate the Brocks’ use of a boat slip in a marina owned by the Orozcos. We reverse and remand for further proceedings because genuine issues of material fact remain in dispute regarding the affirmative defenses of res judicata and collateral estoppel.
 

 In June 1989, Thomas and Sue Brock purchased a residence from the Fendts.
 
 [1]
 
 At that time, the Fendts also owned a marina located on a separate property. On the marina, the Fendts operated a twenty-one slip docking facility over submerged land owned by the State of Florida, and they had a submerged land lease with the State. As part of the sale of the residence to the Brocks in 1989, the Fendts granted the Brocks exclusive use
 
 *767
 
 of a specific boat slip in the marina; the Brocks had used a boat slip ever since. The current version of the Brock-Fendt agreement for use of the boat slip, dated October 1995, was styled “Amendment to License Exchange Agreement.”
 

 In January 1993, the State renewed the Fendts’ submerged land lease for a period of five years. The Fendts, however, sold the marina to a third party in October 1995, before the submerged land lease with the State expired. The Brocks continued to use the boat slip after the sale pursuant to their agreement with the Fendts. That third party sold the marina to the Orozcos in June 1997. Shortly after purchasing the marina, the Orozcos obtained from the State a “Modified Sovereignty Submerged Lands Lease Renewal.”
 
 [2]
 
 The Brocks also continued using the boat slip after sale of the marina to the Orozcos.
 

 The Orozcos filed a previous lawsuit against the Brocks in 2001. Our record has very little information regarding the issues presented to the trial court in that first lawsuit; it contains only a copy of the final judgment in the prior action. That final judgment reflects that Count I of that action sought “a declaration that the [Brocks] ha[d] breached the terms of the Amendment to License Exchange Agreement and a determination of the parties!’] respective rights under the agreement.” Count II of that action sought “termination of the [Brocks’] possession of Boat Slip Number 2 located in the Chadwick Cove Marina.” However, the final judgment in the 2001 case suggests that the dispute between the parties at that time was the Brocks’ alleged commercial use of the boat slip, in violation of the terms of the Amendment to License Exchange Agreement. On those arguments, the final judgment in the first case denied the Oroz-cos relief and found in favor of the Brocks. Moreover, the judgment specifically found that the Brocks were not engaged in commercial use of the boat slip. It also stated:
 

 The Court further finds as a matter of law that the warranty deed which originally conveyed the boat slip to Defendants and the License Exchange Agreement as amended does not provide for a defeasance of the Defendant’s interest in the Boat Slip on the basis [of] a breach of a condition in the instruments.
 

 In March 2009, the Orozcos filed another lawsuit against the Brocks asserting counts for ejectment, trespass, eviction, and to quiet title. The complaint again sought to remove the Brocks from the boat slip. The gist of the Orozcos’ argument was that the Brocks’ permission to use the boat slip arose from the submerged land lease between the Fendts and the State and that, once the Fendts sold the marina, their lease with the State expired and the Brocks’ use of the boat slip also expired. As affirmative defenses, the Brocks asserted that this second lawsuit was precluded by res judicata and collateral estoppel because the issues “were raised or could have been raised in the previous action” between the Brocks and the Orozcos, which had been decided on the merits.
 

 Both parties moved for summary judgment. The Brocks argued, inter alia, that the second lawsuit was barred by res judi-cata and collateral estoppel based on the final judgment in the 2001 lawsuit, because the 2001 lawsuit had sought to terminate the Brocks’ right to possess the boat slip and had resulted in a final judgment in the Brocks’ favor. The Orozcos responded
 
 *768
 
 that the prior litigation had been limited to “[the Brocks’] use of the boat slip and whether such use qualified as ‘personal’ use.” The Orozcos argued that res judica-ta and collateral estoppel did not apply to the second lawsuit because the two lawsuits involved different issues. The Oroz-cos explained that “[t]he previous action did not adjudicate, nor did it seek to adjudicate, the parties’ respective rights under [the Orozcos’] Submerged Land Lease [with the State]” because the present lease between the State and the Orozcos did not exist until 2003. After a hearing,
 
 [3]
 
 the trial court in the instant case granted summary judgment in favor of the Orozcos and ordered the Brocks removed from the boat slip. In doing so, the trial court rejected the Brocks’ affirmative defenses of res ju-dicata and collateral estoppel, finding that
 

 the issues raised in the above styled cause could not have been raised in the previous action between these parties in Case No.2001-0862 CA styled
 
 Raymond Orozco and Pamela Orozco v. Thomas G. Brock and Sue Brock
 
 because the Plaintiffs [sic] interest in the submerged land under the 2003 lease did not arise until after conclusion of that case. Accordingly, the court finds that Plaintiffs [sic] action is not barred by the Doctrine of Res Judicata and/or Collateral Estop-pel.
 

 This appeal followed.
 

 We review de novo an order granting a final summary judgment.
 
 Deutsch v. Global Fin. Servs.,
 
 976 So.2d 680, 682 (Fla. 2d DCA 2008). “The moving party is entitled to summary judgment ‘if the pleadings, depositions, answers to interrogatories, admissions, affidavits, and other materials as would be admissible in evidence on file show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.’ ”
 
 Id.
 
 (quoting Fla. R. Civ. P. 1.510(c)). The party moving for summary judgment bears the burden of proving the nonexistence of genuine issues of material fact.
 
 Id.
 
 To obtain summary judgment when a defendant has raised affirmative defenses, the moving party must refute those affirmative defenses by evidence or establish their legal insufficiency.
 
 See id.; Fla. Web Printing, Inc. v. Impact Adver., Inc.,
 
 723 So.2d 884, 885 (Fla. 2d DCA 1998) (“In the absence of some proof contradicting an affirmative defense, entry of summary judgment is improper.”);
 
 Alejandre v. Deutsche Bank Trust Co. Americas,
 
 44 So.3d 1288, 1289 (Fla. 4th DCA 2010) (same).
 

 The trial court’s statement that the Orozcos’ interest in the submerged land lease arose after the conclusion of the 2001 litigation is factually erroneous. The Or-ozcos had a submerged land lease with the State — and an interest in the submerged land — since 1997. At oral argument, the Orozcos’ counsel acknowledged this fact and that the Orozcos could have brought a similar action under the earlier lease to remove the Brocks from the boat slip before 2003, but he disputed that the Orozcos were legally required to do so. Regardless, the trial court’s legal ruling was premised on a factual error and cannot be upheld on that basis.
 

 In this ease, the Brocks asserted res judicata and collateral estoppel as affirmative defenses. In rejecting the Brocks’ argument, the trial court relied solely on an incorrect understanding of the facts not supported by the record. Accordingly, on remand, the trial court must reconsider whether collateral estoppel or res judicata bar the Orozcos’ claims against the Brocks
 
 *769
 
 in light of the facts actually supported by the record.
 

 Reversed and remanded for further proceedings consistent with this opinion.
 

 KHOUZAM and CRENSHAW, JJ„ Concur.
 

 [1]
 

 . The Fendts are not parties to this controversy.
 

 [2]
 

 . Contrary to representations made at oral argument, this document was not an "assignment” of the lease from the prior owner to the Orozcos, but was a modified lease and renewal agreement. The State and the Oroz-cos are the parties to the lease.
 

 [3]
 

 . A transcript of the summary judgment hearing is not part of the record on appeal.