VILLANTI, Judge.
 

 James D. Bryson appeals the final summary judgment of foreclosure entered in favor of Branch Banking and Trust Company (BB
 
 &
 
 T). Because BB & T did not meet its burden of conclusively showing that there was no genuine issue of material fact and that it was entitled to judgment as a matter of law, we reverse the summary judgment and remand for further proceedings.
 

 BB & T filed a complaint on July 16, 2008, seeking foreclosure, alleging that Bryson had not made any payments on his mortgage since February 1, 2008. Thereafter, BB & T filed a motion for summary judgment. Bryson answered the complaint and admitted that he had executed the mortgage in question and that he had missed at least one payment. However, he asserted as an affirmative defense that BB & T had not provided a notice to cure as required by section 22 of the mortgage. Paragraph 22 of the mortgage, which was attached to the complaint, required BB & T to give notice to Bryson prior to accelerating the debt:
 

 Acceleration, Remedies!!.] Lender shall give notice to Borrower prior to acceleration following Borrower’s breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise)[.] The notice shall specify (a) the default, (b) the action required to cure the default, (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured, and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the non existence of a default or any other defense of Borrower to acceleration and foreclosure^] If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate pay-
 
 *785
 
 merit in full of all sums secured by this Security Instrument without further demand and may foreclose this Security Agreement by judicial proceeding[.] Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys’ fees and costs of title evidence[.]
 

 On April 27, 2009, BB & T filed a copy of two default letters purportedly sent to Bryson on April 28, 2008, at two different addresses. However, the letters were not attached to an affidavit or authenticated in any way. BB & T then filed a revised summary judgment motion.
 

 At a hearing held on the summary judgment motion, Bryson argued that BB & T had not refuted the affirmative defenses related to paragraph 22 of the mortgage and that the two default notice letters were not authenticated and could not be considered for summary judgment purposes. BB & T responded that the letters were “self-authenticating” because they were created by the bank. The court granted summary judgment. This appeal followed.
 

 “A movant is entitled to summary judgment ‘if the pleadings, depositions, answers to interrogatories, admissions, affidavits, and other materials as would be admissible in evidence on file show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.’ ”
 
 Estate of Githens ex rel. Seaman v. Bon Secours-Maria Manor Nursing Care Ctr., Inc.,
 
 928 So.2d 1272, 1274 (Fla. 2d DCA 2006) (quoting Fla. R. Civ. P. 1.510(c)). The party moving for summary judgment bears the burden of establishing
 
 irrefutably
 
 that the nonmoving party cannot prevail.
 
 See Hervey v. Alfonso,
 
 650 So.2d 644, 645-46 (Fla. 2d DCA 1995). “[I]t is only
 
 after
 
 the moving party has met this heavy burden that the nonmoving party is called upon to show the existence of genuine issues of material fact.”
 
 Id.
 
 at 646;
 
 see also Holl v. Talcott,
 
 191 So.2d 40, 48 (Fla.1966) (“Until it is determined that the movant has successfully met this burden, the opposing party is under no obligation to show that issues do remain to be tried.”);
 
 Deutsch v. Global Fin. Servs., LLC,
 
 976 So.2d 680, 682 (Fla. 2d DCA 2008) (“The burden of proving the existence of genuine issues of material fact does not shift to the opposing party until the moving party has met its burden of proof.”);
 
 Berenson v. S. Baptist Hosp. of Fla., Inc.,
 
 646 So.2d 809, 810 (Fla. 1st DCA 1994) (noting that “the nonmoving party need make no showing in support of his claim until the moving party has, by affidavit or otherwise, completely negated all allegations and inferences raised by the nonmoving party”).
 

 On summary judgment, the trial court’s function “is solely to determine whether the record conclusively shows that the moving party proved a negative, that is, ‘the nonexistence of a genuine issue of a material fact.’”
 
 Winston Park, Ltd. v. City of Coconut Creek,
 
 872 So.2d 415, 418 (Fla. 4th DCA 2004) (quoting
 
 Besco USA Int’l Corp. v. Home Sav. of Am. FSB,
 
 675 So.2d 687, 688 (Fla. 5th DCA 1996)). Where a defendant pleads affirmative defenses, the plaintiff moving for summary judgment must either factually refute the affirmative defenses by affidavit or establish their legal insufficiency.
 
 See Frost v. Regions Bank,
 
 15 So.3d 905, 906 (Fla. 4th DCA 2009);
 
 Newton v. Overseas Private Inv. Corp.,
 
 544 So.2d 224, 225 (Fla. 3d DCA 1989).
 

 In numerous foreclosure cases summary judgment has been reversed because the defendant has pleaded lack of notice and opportunity to cure as an affirmative defense and nothing in the bank’s complaint, motion for summary judgment, or affidavits established that the bank gave the
 
 *786
 
 homeowners the notice and opportunity to cure required by the mortgage.
 
 See, e.g., Laurencio v. Deutsche Bank Nat’l Trust Co.,
 
 65 So.3d 1190, 1192 (Fla. 2d DCA 2011);
 
 Konsulian v. Busey Bank, N.A.,
 
 61 So.3d 1283, 1285 (Fla. 2d DCA 2011) (“[N]othing in Busey’s complaint, motion for summary judgment, or affidavits indicates that Busey gave Konsulian the notice which the mortgage required.... Further, Busey did not refute Konsulian’s defenses nor did it establish that [they] were legally insufficient.”);
 
 Frost,
 
 15 So.3d at 906. We reach the same conclusion in this case.
 

 The unauthenticated copies of default letters purportedly sent to Bryson by BB & T were insufficient for summary judgment purposes because only competent evidence may be considered in ruling on a motion for summary judgment.
 
 Daeda v. Blue Cross & Blue Shield of Fla., Inc.,
 
 698 So.2d 617, 618 (Fla. 2d DCA 1997);
 
 Tunnell v. Hicks,
 
 574 So.2d 264, 266 (Fla. 1st DCA 1991) (explaining that court could not consider certain documents in its summary judgment decision because “Tunnell failed to attach either document to affidavits that presumably would have ensured their admissibility”).
 

 At the summary judgment hearing, BB & T took the position that the letters were self-authenticating because they were the bank’s own letters. Self-authentication is a concept that, due to a document’s very nature of being notarized or certified in some fashion, eliminates hearsay and other extrinsic objections to admissibility. However, a document bereft of genuineness, such as a purported copy, cannot be said to be self-authenticating because extrinsic evidence to establish its truthfulness is still required. With this in mind, BB & T’s letters are clearly not self-authenticated. Hence, we reject BB & T’s argument in this regard.
 
 See, e.g., Bifulco v. State Farm Mut. Auto. Ins. Co.,
 
 693 So.2d 707, 709 (Fla. 4th DCA 1997) (“Merely attaching documents which are not ‘sworn to or certified’ to a motion for summary judgment does not, without more, satisfy the procedural strictures inherent in Fla. R. Civ. P. 1.510(e).”);
 
 Morrison v. U.S. Bank, N.A.,
 
 66 So.3d 387, 387 (Fla. 5th DCA 2011) (reversing summary judgment of foreclosure where defendant asserted she had not received a notice of default as required by the mortgage and the bank had simply filed an unauthenticated notice letter). In this case, the letters at issue were not admitted by the pleadings, nor were they accompanied by an affidavit of a record custodian or other proper person attesting to their authenticity or correctness.
 
 See id.
 

 Finally, BB & T argues that it was entitled to summary judgment because “Bryson did not file any affidavits in opposition or tender sufficient evidence to demonstrate to the court that a genuine issue of material fact existed.” BB & T has misunderstood the summary judgment standard. If the defendant pleads affirmative defenses, the
 
 plaintiff
 
 moving for summary judgment must either factually refute the affirmative defenses by affidavit or establish their legal insufficiency.
 
 Frost,
 
 15 So.3d at 906;
 
 Newton,
 
 544 So.2d at 225. “The burden of proving the existence of genuine issues of material fact does not shift to the opposing party until the moving party has met its burden of proof.”
 
 Deutsch,
 
 976 So.2d at 682. Because BB & T did not tender any competent evidence on the issue of Bryson’s notice of the default, it did not meet its burden of proof on summary judgment.
 

 Reversed and remanded.
 

 ALTENBERND and KHOUZAM, JJ., Concur.