NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

DOLLY M. ZANDER,                        )
                                        )
          Appellant,                    )
                                        )
v.                                      )          Case No. 2D14-5866
                                        )
JEFFERY CIMA,                           )
                                        )
          Appellee.                     )
                                        )
_____)

Opinion filed November 13, 2015.

Appeal from the Circuit Court for Sarasota
County; Kimberly C. Bonner, Judge.

Henry G. Gyden of Gyden Law Group, P.A.,
Tampa, for Appellant.

No appearance for Appellee.

BLACK, Judge.

          Dolly Zander challenges the final summary judgment in favor of Jeffery

Cima as to count II of Ms. Zander's fifth amended complaint.[1]  We reverse and remand

for further proceedings because Mr. Cima failed to establish that he was entitled to a

_____

          [1]Mr. Cima did not participate in this appeal.

judgment as a matter of law.

Ms. Zander entered into a contract with Mr. Cima and his then-wife, Alyssa Cima, who is not a party to this action, for the sale and purchase of a residential home. Consistent with the sale and purchase contract, the mortgage and note reflected that Ms. Zander would carry the principal balance for two years, at which time the Cimas would make a balloon payment of $329,711 for the balance. The closing occurred on February 9, 2010, and the Cimas made monthly payments in the amount of $1825.19 as prescribed by the note until December 2010. Thereafter, the Cimas became involved in divorce proceedings and stopped making payments.

Ms. Zander filed suit, pro se, and following several motions to dismiss and subsequent amendments, the fourth amended complaint became the operative complaint. Pertinent to this appeal, in the breach of contract claim, count II, Ms. Zander alleged that Mr. Cima failed to perform as required by the contract, note, and mortgage. On June 9, 2014, Mr. Cima filed an amended motion for partial summary judgment as to count II, asserting that Ms. Zander was improperly seeking to collect on the note where the mortgage failed to meet the requirements of section 697.05, Florida Statutes (2009), as a balloon mortgage. Though there is no transcript of the hearing on the motion, the order entered on July 21, 2014, reflects that the trial court concluded that "[t]he Plaintiff may not proceed on the note in this matter without moving on the mortgage as well" and granted the motion with leave to amend.

Ms. Zander filed a fifth amended complaint.[2]  Our record does not demonstrate that Mr. Cima filed a motion for final summary judgment as to count II of the fifth amended complaint.  Nonetheless, without a further hearing, the trial court entered the final summary judgment in favor of Mr. Cima as to count II on November 14, 2014; the trial court provided no basis for its ruling.[3]  During a December 1, 2014, hearing on other pending motions, for which there is a transcript, Ms. Zander sought to clarify the trial court's final ruling granting summary judgment.  Though the trial court declined to address its ruling, Mr. Cima asserted that the trial court determined that the mortgage failed to meet the requirements of section 697.05 as a balloon mortgage.

Florida Rule of Civil Procedure 1.510(c) provides, in part, that a motion for summary judgment "shall state with particularity the grounds upon which it is based and the substantial matters of law to be argued."

> Summary judgment is a limited remedy that is appropriate only when the state of the evidence is such that the nonmoving party will not be able to prevail at trial as a matter of law.  The party moving for summary judgment has the burden to establish irrefutably that the nonmoving party cannot prevail were a trial to be held.

---

[2]After filing the fifth amended complaint, Ms. Zander filed a "Motion for Judgment on the Pleadings or Summary Judgment."  This motion was denied on December 18, 2014.

[3]Though not argued by Ms. Zander on appeal, we note that it was improper for the trial court to enter the final summary judgment where there was no motion pending for such relief.  See Muncey v. Star Brite Distribs., 378 So. 3d 1326, 1327 (Fla. 3d DCA 1980) ("The trial court erred in, sua sponte, entering a summary final judgment against the plaintiff, where there was no motion pending therefor and the plaintiff had no notice or opportunity to present opposing affidavits."); see also Land Dev. Servs., Inc. v. Gulf View Townhomes, LLC, 75 So. 3d 865, 871 (Fla. 2d DCA 2011) (holding that where "the final judgment provid[ed] relief that was not requested . . . , its entry constituted reversible error").

Land Dev. Servs., Inc. v. Gulf View Townhomes, LLC, 75 So. 3d 865, 868 (Fla. 2d DCA 2011) (citations omitted). The standard for reviewing an order granting a final summary judgment is de novo. Brock v. Orozco, 75 So. 3d 766, 768 (Fla. 2d DCA 2011).

The crux of Mr. Cima's amended motion for partial summary judgment was that the mortgage securing the note failed to meet the requirements of a balloon mortgage as prescribed by section 697.05. Yet the trial court purportedly granted this motion on July 21, 2014, due to Ms. Zander's failure to "proceed on the note in this matter without moving on the mortgage as well." This ground was not properly raised in the motion. Mr. Cima's motion provided only that "[Ms. Zander] seeks relief in this action by suing on the note while not seeking to foreclose the concomitant mortgage on the property." Such a single conclusory statement does not suffice as a separate ground in a motion for summary judgment. See Williams v. Bank of Am. Corp., 927 So. 2d 1091, 1093 (Fla. 4th DCA 2006). Notwithstanding the foregoing, the trial court is incorrect as a matter of law. A note and a mortgage are distinct agreements, and as such a suit may be brought to recover on the note without foreclosing the mortgage. See Bank of N.Y. Mellon v. Reyes, 126 So. 3d 304, 308 (Fla. 3d DCA 2013) ("The holder of the note may discard the mortgage entirely, and sue and recover on the note." (quoting Taylor v. Am. Nat'l Bank of Pensacola, 57 So. 678, 685 (Fla. 1912))).

In support of Mr. Cima's assertion that the mortgage failed to comply with section 697.05, he cited Slomovic v. Petryk, 341 So. 2d 208 (Fla. 4th DCA 1976). However, Slomovic involved a second mortgage. Mr. Cima did not contend that the mortgage at issue was a second mortgage or otherwise file any documents demonstrating such. With one exception that is inapplicable here, section 697.05 does

not apply to first mortgages.  See § 697.05(4)(b) ("This section does not apply to . . . [a]ny first mortgage, excluding a mortgage in favor of a home improvement contractor defined in s. 520.61(13) the execution of which is required solely by the terms of a home improvement contract which is governed by the provisions of ss. 520.60-520.98 . . . ."). Further, section 697.05(4)(g) also exempts "[a]ny mortgage granted by a purchaser to a seller pursuant to a written agreement to buy and sell real property which provides that the final payment of said mortgage debt will exceed the periodic payments thereon." Here, the sale and purchase contract executed by the parties provided, in part:

> Seller agrees to enter into a Mortgage Agreement secured by a Promissory Note with Buyers whereby Seller finances that sum with a payment schedule amortizing the balance due over a thirty year period at an interest rate of five percent, resulting in monthly payments from Buyers to Seller in the amount of $1,825.19, and specifying a balloon payment after two years in the amount of $329,711. . . .

Whether the trial court's ruling granting final summary judgment in favor of Mr. Cima was based on the rationale expressed in the July 21, 2014, order or based on the rationale expressed in Mr. Cima's motion, the trial court erred.  Mr. Cima failed to meet his burden of establishing his entitlement to summary judgment.  Accordingly, we reverse and remand for further proceedings.

Reversed and remanded.


LaROSE and KHOUZAM, JJ., Concur.