529 So.2d 365 (1988)
E. Joan NICKOLAUSON, Individually and As Representative of the Estate of Joseph Paul Bolvin, Deceased, Appellant,
v.
Jimmie Harris RHYNE, Appellee.
No. 87-2434.
District Court of Appeal of Florida, Second District.
August 10, 1988.
Charles J. Cheves of Cheves & Rapkin, Venice, for appellant.
Douglas P. Lawless of Taylor and Lawless, P.A., Sarasota, for appellee.
SCHEB, Acting Chief Judge.
Appellant, E. Joan Nickolauson, individually and as personal representative, sued appellee, Jimmie Harris Rhyne, for legal malpractice. The trial court dismissed her complaint with prejudice and she filed this appeal. We reverse.
In her complaint Nickolauson alleged that she employed the Pratt law firm in Manatee County to probate the will of the late Joseph Paul Bolvin and to serve as attorneys for the decedent's estate. She alleged that thereafter she dealt exclusively with Rhyne, an attorney acting on behalf of the Pratt firm and that he negligently performed legal services. She claimed to have suffered certain losses as a direct and proximate result of Rhyne's negligence and sought damages in excess of $5,000.
Rhyne filed a motion to dismiss which the trial court granted with leave to amend. When Nickolauson declined to amend, the trial court dismissed her complaint with prejudice stating:
1. The complaint failed to allege any agreement, contract or arrangement between the attorney Rhyne and the plaintiff.
2. The complaint failed to allege the breach of any duty owed by the defendant to the plaintiff, the breach of which caused or contributed to the plaintiff's damages.
It is basic that a complaint setting forth a short and plain statement of the grounds upon which the court's jurisdiction depends, the ultimate facts showing that the pleader is entitled to relief, and a demand for judgment is sufficient under Rule 1.110(b) Florida Rules of Civil Procedure. To plead a cause of action for legal malpractice the plaintiff must allege three elements: (1) the attorney's employment and (2) his neglect of a reasonable duty, which (3) is the proximate cause of loss to his client. Hatcher v. Roberts, 478 So.2d 1083, 1087 (Fla. 1st DCA 1985).
We think Nickolauson's complaint sufficiently states a cause of action. In seeking to sustain the trial court's ruling, Rhyne points out that the complaint lacks a direct and positive allegation that Nickolauson employed Rhyne rather than the Pratt law firm. Rhyne suggests that to uphold *366 the complaint would overlook the traditional requirement of privity. See, Angel, Cohen and Rogovin v. Oberon Investment, N.V., 512 So.2d 192 (Fla. 1987). We disagree. Here there is a sufficient allegation of privity, and it, like the attorney-client relationship, must be established before the client can recover. We think the details involving Rhyne's relationship to the Pratt law firm and to Nickolauson are matters to be determined from the evidence.
Therefore, we reinstate Nickolauson's complaint and remand to the trial court for further proceedings.
LEHAN and PARKER, JJ., concur.