555 So.2d 455 (1990)
BILL BRANCH CHEVROLET, INC., a Florida Corporation, Appellant,
v.
PHILIP L. BURNETT, P.A., a Professional Association, and Philip Burnett, Individually, Appellees.
No. 89-01071.
District Court of Appeal of Florida, Second District.
January 19, 1990.
Susan E. Trench of Goldstein & Tanen, P.A., Miami, for appellant.
James F. McKenzie of McKenzie, Millsap & Soloway, P.A., Pensacola, for appellees.
THREADGILL, Judge.
The appellant, Branch Chevrolet, Inc., charges error in the dismissal of count two of its complaint for legal malpractice. The appellant filed a two-count complaint against the lawyer and law firm that had represented it in two separate legal matters. The trial court dismissed with prejudice the second count, which was based on an action that had settled, for failure to state a cause of action. The court concluded that where a suit settles before trial, no cause of action for attorney malpractice will lie. We reverse.
An action for legal malpractice must allege the employment of the attorney and neglect of a reasonable duty that has been the proximate cause of loss to his client. Thompson v. Martin, 530 So.2d 495 (Fla. 2d DCA 1988); Nicholauson v. Rhyne, 529 So.2d 365 (Fla. 2d DCA 1988). The complaint alleged that the appellant had employed Philip L. Burnett, P.A., and Philip Burnett, the appellees, in a litigation matter; that three weeks before trial, it discovered the appellees' failure to investigate or conduct discovery necessary to adequately prepare for trial; and that, faced with a claim for punitive damages and no trial preparation, it was forced to settle the case for a sum greater than its actual liability.
Considering the allegations in the light most favorable to the appellant and drawing all reasonable inferences therefrom, we find that the required elements of legal malpractice were adequately alleged. See e.g., Dykema v. Godfrey, 467 So.2d 824 (Fla. 1st DCA 1985).
The appellees argue that the settlement of the underlying case is an affirmative defense to the appellant's legal malpractice action. The general rule is that where an affirmative defense appears on the face of the complaint, it may be considered by the trial court on a motion to dismiss. Hawkins v. Williams, 200 So.2d 800 (Fla. 1967); Goodman v. Habif, 424 So.2d 171 (Fla. 3d DCA 1983); Vaswani v. *456 Ganobsek, 402 So.2d 1350 (Fla. 4th DCA 1981); Margerum v. Ross Builders, Inc., 427 So.2d 261 (Fla. 5th DCA 1983). As the settlement was alleged in the complaint, it was the proper subject of an affirmative defense in the appellees' motion to dismiss. See Keramati v. Schackow, 553 So.2d 741, 744-46 (Fla. 5th DCA 1989).
In considering an affirmative defense raised in a motion to dismiss, the court must assume that all facts alleged in the complaint are true and must decide the motion on questions of law. See Connolly v. Sebeco, Inc., 89 So.2d 482 (Fla. 1956). We cannot say as a matter of law that the settlement of this case negates any alleged legal malpractice as a proximate cause of loss. This is a matter of proof for trial.
The appellees contend further that the appellant's damage allegation is speculative. The complaint alleged that the settlement subjected the appellant to greater liability than would have a verdict in a properly tried case. Whether the appellant can prove damages beyond speculation is an issue for the trier of fact. Moreover, as this issue is not found on the face of the complaint, it cannot be the subject of a motion to dismiss. See Hawkins, 200 So.2d at 802.
We reverse the trial court's order dismissing count two of the complaint and remand the cause for further proceedings.
Reversed and remanded.
SCHEB, A.C.J., and SCHOONOVER, J., concur.