PER CURIAM.
The defendant, Security Insurance Co. of Hartford [Security], appeals from an adverse final summary judgment and from the subsequent denial of its motion for rehearing. We affirm, in part, and reverse, in part.
We affirm that portion of the trial court’s order granting final summary judgment in favor of the plaintiff on the issue of insurance coverage. “The acceptance of an alteration or modification of the original contract, to be effective, must precede the loss.” George J. Couch, Cyclopedia Of Insurance Law, § 65:13 (2 ed. 1983). In the instant case, we find that the retroactive endorsement of an occurrence policy to exclude dog bites was invalid, as a matter of law, where an injury had occurred to a third party prior to the acceptance of the endorsement by the insured. Therefore, the trial court properly found that there was insurance coverage at the time that the plaintiff was injured and granted final summary judgment in her favor.
However, we reverse that portion of the final summary judgment that incorporated the consent judgment entered into between the insured and the plaintiff where a review of the record indicates that there was no *11 determination by the trial court as to “whether the settlement was reasonable and made in good faith.” Independent Fire Ins. Co. v. Paulekas, 633 So.2d 1111, 1113-14 (Fla. 3d DCA 1994) (citations omitted).
We find that Security’s remaining points lack merit.
Accordingly, we affirm, in part, reverse, in part, and remand for further proceedings consistent with this opinion.