721 So.2d 450 (1998)
Larry STERNER, Appellant,
v.
Denford O. PHILLIPS, Jr., Appellee.
No. 98-461.
District Court of Appeal of Florida, Fifth District.
December 11, 1998.
*451 John C. Englehardt, Orlando, for Appellant.
Thomas F. Egan, Orlando, for Appellee.
GRIFFIN, Chief Judge.
Larry Sterner ["Sterner"], the plaintiff below, brought an action against Denford O. Phillips ["Phillips"] to recover monies owed by Phillips to Sterner under an oral agreement to renovate a building[1] on property owned by Phillips. Pursuant to the agreement, Sterner was to expend money and labor to renovate the property, while paying Phillips $500 in rental per month. When renovations were completed, the property was to be sold and the proceeds used first to pay Phillips $72,000 less closing costs, then to pay Sterner for the actual costs of materials (but not labor) to renovate the property. Any excess monies were to be divided equally between the parties.
Sterner renovated the property, and the property was sold, but Phillips refused to pay Sterner despite having derived sufficient funds from the sale to satisfy the obligation. The complaint sought damages for breach of the parties' contract.[2]
Phillips defended by asserting that the contract was unenforceable because it was not in writing; and that Sterner was an unlicensed building contractor who was not entitled to recover the monies spent on renovations in the absence of a license. Phillips then moved for summary final judgment relying on section 489.128, Florida Statutes (1995), which generally provides that contracts entered into on or after October 1, 1990 and performed by a contractor who had failed to maintain his license were unenforceable in law or in equity. The motion alleged that Sterner fell within the definition of a "contractor" as defined in section 489.105, Florida Statutes (1995), and that he had been unlicensed when the contract with Phillips was performed.
Sterner filed an affidavit in opposition to Phillips' motion. The affidavit stated in relevant part that: (1) he was seeking to recover only the cost of materials used to accomplish the work (apparently as opposed to any labor charges); (2) none of the monies he was seeking related to any work which he had personally performed; (3) none of the work which had been done on the property was work which had by law to be done by a contractor, other than the enclosure of the carport and the plumbing work, which work had been done "by or under the direction of a licensed contractor; and (4) the major portion of the work which had been done involved *452 typical "home improvement/handyman work," such as painting and carpeting. The court entered summary final judgment in favor of Phillips in apparent reliance on section 489.128, Florida Statutes.
Sterner contends that the record fails to establish that he is a "contractor," as defined by the statute. "Contractor," as used in the statute, means:
the person who is qualified for, and shall only be responsible for, the project contracted for and means, except as exempted in this part, the person who, for compensation, undertakes to, submits a bid to, or does himself or by others construct, repair, alter, remodel, add to, demolish, subtract from, or improve any building or structure, including related improvements to real estate, for others or for resale to others; and whose job scope is substantially similar to the job scope described in one of the subsequent paragraphs of this subsection....
§ 489.105(3), Fla. Stat. (1995) (emphasis added).
Here, the allegations contained in the complaint[3] appear sufficient to show that Sterner was a contractor within the meaning of section 489.128. The complaint alleged that Sterner was to "expend money and labor for the improvement and rehabilitation of the property" in exchange for which he was permitted to occupy the property for $500 per month. He was also to be paid 50% of the net proceeds, after deducting $72,000 less closing costs and the "actual costs of materials for rehabilitation of the property" (for which Sterner was to be reimbursed). This relationship appears to fall within the definition of "contractor," as used in the statute, which includes a "person who, for compensation... does himself or by others ... repair [or] ... remodel ... any building or structure... for resale to others...." § 489.105(3), Fla. Stat. (1995). Sterner also admitted, in response to Phillips' request for admissions, that Sterner was not a licensed contractor in the State of Florida."[4]
To avoid entry of summary judgment, it was incumbent upon Sterner to offer evidence that the statute was inapplicable by virtue of one of the exceptions set forth in section 489.103. Sterner failed to meet this burden. He offered no evidence to show that he was an "owner" of the property, within the meaning of section 489.103(7). Moreover, Sterner's pleadings establish that he was renovating the property so that it could be sold. The owner's exemption is applicable only if the building under construction is "for the occupancy or use of such owners and [is] not offered for sale or lease." Additionally, the owner's exemption does not extend to those acting on the owner's behalf by virtue of a contractual relationship. The exemption specifically states:
This subsection does not exempt any person who is employed by or has a contract with such owner and who acts in the capacity of a contractor. The owner may not delegate the owner's responsibility to directly supervise all work to any other person unless that person is registered or certified under this part and the work being performed is within the scope of that person's license....
Sterner also failed to come forward with evidence that the work which was done was work of a "casual, minor, or inconsequential nature in which the aggregate contract price for labor, materials, and all other items [was] less than $1,000." Thus, he is unable to claim the benefit of the exemption contained in section 489.103(8).
Finally, Sterner failed to come forward with any evidence to show that he was a materialman or supplier who was exempted from section 489.128, by virtue of section 489.103, which exempts:
(12) Any person who only furnishes materials or supplies without fabricating them *453 into, or consuming them in the performance of, the work of the contractor.
In fact, the assertion that Sterner was exempt from the operation of section 489.128 because he was nothing but a materialman appears to contradict the allegations contained in the complaint, wherein Sterner alleged that:
During the Plaintiff's term of occupancy of that property, the Plaintiff was to expend money and labor for the improvement and rehabilitation of the real property.
Nor do the statements made in Sterner's affidavit create an issue as to the applicability of any exceptions to section 489.128. The affidavit stated:
2. The only monies sought from the Defendant in this action are the cost of materials utilized in the work that I accomplished or had performed by licensed contractors on the property described in the Complaint.
3. None of the monies sought from the defendant in this action relates to any work done by me personally.
4. None of the work done on the real property described in the Complaint filed herein, was required, under law, to be done by a contractor other than the enclosure of the carport and some minor plumbing work. Both the carport and the plumbing work was done by or under the direction of a licensed subcontractor.
5. The majority of the work done and supplies furnished were for typical home improvement/handyman work such as painting, wall papering, carpet and the like.
Whether the result in this case is fair is a matter to be taken up with the legislature. We have no choice but to enforce the statute as written.
AFFIRMED.
DAUKSCH and PETERSON, JJ., concur.
NOTES
[1] The nature of the building cannot be discerned from the record on appeal.
[2] Sterner's complaint did not contain a count seeking to recover the cost of materials furnished to Phillips in quantum meruit. We do not decide whether section 489.128, Florida Statutes would preclude recovery of the value of the materials. Prior to the enactment of section 489.128 in 1990, a number of courts, including the Florida Supreme Court, had recognized that a contractor could recover in quantum meruit, even if the contractor could not recover on the contract because of the contractor's failure to comply with the state's licensing requirements. See Wood v. Black, 60 So.2d 15 (Fla. 1952); DeBiasi v. S & S Builders, Inc., 593 So.2d 314 (Fla. 4th DCA), review dismissed, 602 So.2d 941 (Fla. 1992); C.B. Jackson & Sons Constr. Co. v. Davis, 365 So.2d 207 (Fla. 3d DCA 1978); Warren v. Bill Ray Constr. Co., 269 So.2d 25 (Fla. 3d DCA 1972). The original version of the statute appears to have been intended to give the court discretion to grant recovery in quantum meruit. It provided that such contracts were unenforceable "at law" but not in equity. The current version of the statute denies enforcement "in law or in equity." This imprecise language arguably does not answer the question.
[3] These allegations must be taken as true for the purposes of ruling on Phillips' motion. Green v. CSX Transp., Inc., 626 So.2d 974 (Fla. 1st DCA 1993) (allegations of an unsworn complaint, which must be accepted as true for the purposes of a motion for summary judgment, unless conclusively disproven).
[4] The request for admissions and the response are not part of the record on appeal. Phillips has simply attached them to his brief as an appendix. However, in his brief, Sterner appears to concede that he is not a contractor.