726 So.2d 795 (1999)
Gary C. QUILLING, Appellant,
v.
COUNTY OF SUMTER, FLORIDA, etc., et al., Appellee.
No. 97-3069
District Court of Appeal of Florida, Fifth District.
January 8, 1999.
Gary C. Quilling, Bowling Green, pro se.
John C. Cooper, David B. Switalski of Cooper, Coppins & Monroe, P.A., Tallahassee, for Appellee, County of Sumter.
William R. Waters, Jr. of Skelding, Labasky, Corry, Eastman, Hauser, Jolly & Metz, Tallahassee, for Appellees Adams, Goodwin, Everage, Thompson, Moffitt, Moore, Lister, Maddox, Merritt, Strong and Amann.
ANTOON, J.
Gary Quilling challenges several rulings entered by the trial court in his lawsuit against Sumter County and several Sumter County deputy sheriffs. Mr. Quilling's claims of liability all arise from actions allegedly taken against him by deputy sheriffs while he was incarcerated at the Sumter County detention center. The challenged rulings include: 1) the order dismissing the claims against several individual defendants; 2) the order vacating the default judgment entered against the county; 3) the order striking Mr. Quilling's claim for punitive damages; and 4) the summary judgment order entered against Mr. Quilling. We reverse the summary judgment order entered in favor of the individual deputy sheriffs, but affirm without comment the summary judgment entered in favor of the county, as well as the court's other rulings.
The trial court's role in summary judgment proceedings is not one of weighing *796 the evidence or passing on the credibility of witnesses. Instead, it is a means of efficiently disposing of those actions in which there are no genuine issues of material fact and the moving party is entitled to receive a judgment as a matter of law. See Odham v. Foremost Dairies, Inc., 128 So.2d 586 (Fla. 1961). Our review of the instant record reveals that material issues of fact exist with regard to Mr. Quilling's claims that, while incarcerated at the Sumter County detention center, he was battered, his personal property was converted, and that he was punished in violation of his rights under the Eighth and Fourteenth Amendments of the United States Constitution. Accordingly, we must reverse the summary judgment and remand this matter for further proceedings.
AFFIRMED in part; REVERSED in part; and REMANDED.
GRIFFIN, C.J., and COBB, J., concur.