SAWAYA, J.
The appellant in this mandatory injunction case, John Boyle, is the owner of a residence in a subdivision that is subject to a restrictive agreement (“Agreement”) requiring, among other things, that “[l]ot owners ... keep their lots in a neat, clean and orderly condition.... ” The Agreement also provides that any violators may be subject to an equitable suit to enforce these restrictions. The appellee, the Her-nando Beach South Property Owners Association, Inc. (the “Association”), acts as the homeowners’ association for the subdivision, and it initiated an action against Boyle seeking a mandatory injunction requiring him to comply with the Agreement.[1] The mandatory injunction it eventually obtained specifically requires Boyle to comply with the part of the restrictive agreement just quoted by “properly maintaining and trimming the landscaping and trees and cleaning or removing the mold on the home.” The injunction further provides that if Boyle fails to comply, the Association may enter and maintain the property and place a lien on the property that could be foreclosed if the costs incurred by the Association in bringing the property up to standard are not paid.
The injunction was obtained after the Association filed a Motion for Summary Judgment. Submitted in conjunction with the Motion were affidavits of five officers and directors of the Association stating that, based on their personal knowledge, Boyle “failed to properly maintain his lot within Hernando Beach, Unit 13-B. Specifically, the landscaping and trees need to be trimmed and properly maintained. Additionally, mold on the home needs to be cleaned/removed.” After the trial court rendered the order under review, which granted the Motion and entered the mandatory injunction, Boyle filed this appeal contending that material issues of fact remained unresolved and that the supporting affidavits were insufficient, thus making summary judgment inappropriate.[2]
A party may move for summary judgment regarding a claim or any part thereof in accordance with the provisions of Florida Rule of Civil Procedure 1.510. Fla. R. Civ. P. 1.510(a). The purpose of the summary judgment rule is to allow the trial court to look beyond the confines of the pleadings to the “summary judgment evidence” (affidavits, answers to interrogatories, admissions, depositions, and other materials as would be admissible in evidence) to determine whether there are issues of material fact that require resolution by the trier of fact. Fla. R. Civ. P. 1.510(c). If there are none and the moving party is entitled to a judgment as a matter of law, the court may resolve the claim without the necessity of a costly and time consuming trial. See Gabriel v. Disney *319 Cruise Line, 93 So.3d 1121, 1123 (Fla. 5th DCA 2012); Krol v. City of Orlando, 778 So.2d 490, 491-92 (Fla. 5th DCA 2001); Quilling v. Cnty. of Sumter, 726 So.2d 795, 795-96 (Fla. 5th DCA 1999); see also Nat’l Airlines v. Fla. Equip. Co. of Miami 71 So.2d 741, 744 (Fla.1954) (“The function of the rule authorizing summary judgments is to avoid the expense and delay of trials when all facts are admitted or when a party is unable to support by any competent evidence a contention of fact.”).
The trial court granted summary judgment in favor of the Association regarding its claim relating to the landscaping and trees and its claim relating to the mold on the house. In determining whether the trial court was correct, we must analyze the summary judgment evidence in the record, which consisted mainly of the affidavits submitted by the Association. There are very well defined rules that apply to our analysis. The moving party bears the initial burden of showing that, based on the summary judgment evidence, no material issues of fact exist and it is entitled to a judgment as a matter of law. Holl v. Talcott, 191 So.2d 40, 43 (Fla.1966); Bryson v. Branch Banking & Trust Co., 75 So.3d 783, 785 (Fla. 2d DCA 2011); Krol. If the court determines that the movant has met its initial burden, the non-moving party then bears the burden of showing that there are issues of material fact that exist and that the movant is not entitled to a judgment as a matter of law. Holl; Bryson. The non-moving party may meet that burden by submitting proper summary judgment evidence to counter the evidence submitted by the moving party. Holl; Bryson. The trial court must view the summary judgment evidence in the light most favorable to the non-moving party when deciding whether summary judgment is appropriate. Gabriel; Dreggors v. Wausau Ins. Co., 995 So.2d 547, 549 (Fla. 5th DCA 2008); Krol. If a reviewing court determines that summary judgment is inappropriate regarding'part of the claim, it may reverse that part and affirm the other part. See, e.g., Cintron v. Bankers Trust Co., 682 So.2d 616, 616-17 (Fla. 2d DCA 1996); Sec. Ins. Co. of Hartford v. Baad, 657 So.2d 10, 10-11 (Fla. 3d DCA 1995); Gloris v. Williams Paving Co., Inc., 556 So.2d 748, 749 (Fla. 3d DCA 1989).
Boyle argues that the summary judgment evidence in the record does not indicate how he was in violation of the Agreement. Regarding the landscaping and trees, we agree. The affidavits submitted by the Association merely parrot the allegations of the complaint by reasserting that Boyle’s landscaping and trees were not properly trimmed and maintained. But there are no allegations and there is no evidence to show how the landscaping and trees had not been properly maintained and trimmed. Boyle lists- a constellation of uncertainties in his brief questioning whether the allegations and affidavits meant, for example, whether his grass was dead-or uncut, whether his trees were dead or how they were untrimmed, and whether his shrubbery was overgrown and to what extent. We could add to the list of imponderables but will decline to do so. Given the lack of evidence presented by the Association to establish that Boyle’s landscaping and trees were not maintained “in a neat, clean and orderly condition,” it is unclear how Boyle violated the Agreement and what steps he is to take to ensure that his landscaping and trees are in compliance. Thus, construing the summary judgment evidence in the record in the light most favorable to Boyle, there are material issues of fact that are present making summary judgment regarding the issue of the landscaping and trees improper.
*320 But the mold on the house is another matter. That issue does not suffer from the same infirmities as the issue regarding the landscaping and trees because the mold on the house was established by the statements made in the affidavits, which leave no room for speculation or conjecture. Once the Association met its initial burden of proving the absence of any material issue of fact regarding the mold, the burden shifted to Boyle to establish that material issues of fact did exist. Boyle did not file any affidavits or submit other summary judgment evidence to meet his burden. As the Association correctly argues, “the existence of mold on the subject home was a readily observable fact to the five affiants who swore to their personal knowledge, and were not refuted by counter-affidavit or other proof.”
We reverse the part of the order regarding the landscaping and trees and remand for further proceedings. The part of the order regarding the mold is affirmed.
AFFIRMED in part; REVERSED in part; REMANDED.
GRIFFIN and ORFINGER, JJ., concur.

. The operative pleading filed by the Association is its Amended Complaint, which included a count for declaratory judgment regarding its right to enforce the Agreement. This count appears to have also been granted by the order under review.

. Boyle also contends that affirmative defenses were not properly negated and the pertinent part of the Agreement is vague and ambiguous. As to these issues, we affirm without further discussion.