NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

MARGARETT FIELDS,                               )
                                                )
          Appellant,                            )
                                                )
v.                                              )          Case No. 2D16-3558
                                                )
THE DEVEREUX FOUNDATION, INC.,                  )
JAMAR PLUMMER, and HEARTLAND                     )
FOR CHILDREN, INC.,                             )
                                                )
          Appellees.                            )
_____         )

Opinion filed May 4, 2018.

Appeal from the Circuit Court for Polk
County; Keith P. Spoto, Judge.

Margarett Fields, pro se.

Janice L. Merrill of Marshall, Dennehey,
Warner, Coleman & Goggin, Orlando,
for Appellee The Devereux Foundation, Inc.

No appearance for remaining Appellees.


SALARIO, Judge.

          Margarett Fields appeals from a final summary judgment in favor of The

Devereux Foundation on her claims for assault, battery, abuse of process, intentional

infliction of emotional distress, negligent hiring, and negligent supervision.  Because

Devereux failed to meet its initial burden to establish the nonexistence of a genuine

issue of material fact with respect to the assault and battery claims, we reverse as to those claims. In all other respects, we affirm without comment.

The undisputed facts for summary judgment purposes are these. Ms. Fields is the paternal grandmother of D.F., a juvenile who was removed from his parents' care but later reunified with his father. D.F. and his father lived with Ms. Fields at her home. D.F.'s mother sought and was granted visitation with D.F. Devereux—an organization that provides families with behavioral and social services—was hired to facilitate the visitations. An employee of Devereux named Jamal Plummer was assigned as case manager. One of his duties was to conduct periodic home visits with D.F.

Mr. Plummer failed in the performance of those duties and, to make matters worse, submitted fake documents to Devereux stating that he had completed visits that never really happened. It appears that he visited the home only once. On that occasion, he was greeted at the door by Ms. Fields. He informed her that he was there to take D.F. for court-ordered visitation with his mother. When, upon Ms. Fields' request, he was unable to provide anything to show her that he was in fact authorized to do that, Ms. Fields refused to allow him to take D.F. from the home.

When Ms. Fields resisted Mr. Plummer's efforts to take her grandson, he grew frustrated and began acting aggressively. She alleges that he cocked his fist as if he was going to strike her, causing her to feel startled and, as a result, to fall backward into the door frame. She sued Devereux for assault and battery, asserting that Devereux was liable for Mr. Plummer's conduct under a theory of respondeat superior.

Devereux moved for summary judgment. In its motion, Devereux argued that it could not be held vicariously liable for assault or battery because Mr. Plummer's

alleged conduct was outside the scope of his employment with Devereux. It offered no affidavits or other summary judgment evidence, however, that bore either on the precise details of Mr. Plummer's conduct during the incident or on the scope of his employment with Devereux. Instead, it argued simply that "there is no evidence [Mr. Plummer] was acting in the course and scope of his employment when" he allegedly assaulted and battered Ms. Fields. The trial court granted Devereux's motion and entered a final judgment in its favor, from which Ms. Fields filed this timely appeal.

We review an order granting summary judgment de novo. Deep S. Sys., Inc. v. Heath, 843 So. 2d 378, 379 (Fla. 2d DCA 2003). Summary judgment is proper where "the pleadings and summary judgment evidence on file show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fla. R. Civ. P. 1.510(c). "Summary judgment evidence" consists of "any affidavits, answers to interrogatories, admissions, depositions, and other materials as would be admissible in evidence." Id.

Determining whether the pleadings and summary judgment evidence show that there is no genuine issue of material fact is a two-step process. First, "[i]t is the movant's burden to prove the nonexistence of genuine issues of material fact." Estate of Githens ex rel. Seaman v. Bon Secours-Maria Manor Nursing Care Ctr., Inc., 928 So. 2d 1272, 1274 (Fla. 2d DCA 2006). Once the movant carries that initial burden, the burden shifts to the party opposing summary judgment to show that there actually is an issue of material fact remaining to be tried. McNabb v. Taylor Elevator Corp., 203 So. 3d 184, 185 (Fla. 2d DCA 2016). The burden does not shift to the opposing party, however, unless and until the movant carries its initial burden of demonstrating that no genuine issue of material fact exists. Bryson v. Branch Banking & Tr. Co., 75 So. 3d

783, 786 (Fla. 2d DCA 2011). The movant cannot satisfy that initial burden merely "by showing that up until the time of his motion his adversary has not produced sufficient evidence in support of his pleadings to require a trial." Derogatis v. Fawcett Mem'l Hosp., 892 So. 2d 1079, 1083 (Fla. 2d DCA 2004) (quoting Matarese v. Leesburg Elks Club, 171 So. 2d 606, 607 (Fla. 2d DCA 1965)).

The only summary judgment issue Devereux argued in the trial court concerning Ms. Fields' assault and battery claims was that it could not be held vicariously liable for Mr. Plummer's intentional torts. In Florida, an employer is vicariously liable for an employee's tortious conduct where the conduct occurs within the scope of the employment. Garcia v. Duffy, 492 So. 2d 435, 438 (Fla. 2d DCA 1986). In the case of intentional torts, a plaintiff's mere showing that an employee was on duty at the time he assailed someone is not sufficient to establish that the conduct occurred within the scope of employment. Id. Rather, the employee's conduct must be "of the kind he was employed to perform," must occur "substantially within the time and space limits authorized or required by the work to be performed," and must be "activated at least in part by a purpose to serve the master." Iglesia Cristiana La Casa Del Señor, Inc. v. L.M., 783 So. 2d 353, 357 (Fla. 3d DCA 2001). Thus, an employer can generally be held vicariously liable for an intentional tort where the employee's tortious conduct is undertaken in furtherance of the employer's interests. Perez v. Zazo, 498 So. 2d 463, 465 (Fla. 3d DCA 1986); see also, e.g., Columbia By The Sea, Inc. v. Petty, 157 So. 2d 190, 192 (Fla. 2d DCA 1963) (holding that jury could conclude that maitre d' of restaurant acted within scope of employment when he battered customer with an ashtray during an attempt to get him to pay thirty-five-cent upcharge for roquefort salad dressing); Jax Liquors, Inc. v. Hall, 344 So. 2d 247, 247 (Fla. 1st DCA 1976) (holding

that armed security guard who removed unruly bar patron and shot him in the parking lot was within the scope of his employment despite the fact that the shooting was "entirely unnecessary to any legitimate purpose of [his] employment" because the confrontation was initiated to serve his employer's interests and escalated "with unbroken continuity" to the shooting).

In this case, Ms. Fields alleges that Mr. Plummer both assaulted and battered her while trying to take D.F. to visit his mother, a task Mr. Plummer was hired by Devereux to perform. On its face, Ms. Fields' claim is of the type for which a jury could permissibly find Devereux vicariously liable because it could determine that the tortious conduct was undertaken in the performance of a job duty and motivated by a purpose to serve Devereux. See Iglesia Cristiana, 783 So. 2d at 357. Devereux, however, did not offer any affidavits, deposition testimony, interrogatory answers, or other summary judgment evidence to show that Mr. Plummer's conduct did not happen as Ms. Fields said it did, that Mr. Plummer's job duties were something other than she said they were, that Mr. Plummer's purpose was something other than serving Devereux, or that there was some other fact that would show that it could not be vicariously liable in this case. It simply asserted, without offering evidence of its own, that there was "no evidence" that it could be liable for the alleged assault or battery. That showing was insufficient to shift the summary judgment burden from Devereux to Ms. Fields. See Derogatis, 892 So. 2d at 1083; see also Bernhardt v. Halikoytakis, 95 So. 3d 1006, 1008 (Fla. 2d DCA 2012) ("The movant's burden is to come forward with competent evidence to demonstrate the nonexistence of a material issue of fact."). For that reason, the trial court improperly granted summary judgment on the assault and battery claims.

- 5 -

Accordingly, although we affirm in all other respects, we reverse the final summary judgment as to Ms. Fields' claims for assault and battery and remand this case to the trial court for further proceedings consistent with this opinion.

Affirmed in part, reversed in part, and remanded.

SILBERMAN and VILLANTI, JJ., Concur.