IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED


ANNEEN NINA GLORIA BAUM,

      Appellant,

 v.                                      Case No.  5D19-2156
                                                     5D19-3750
                                   LT Case No. 2017-CA-049763


BECKER & POLIAKOFF, P.A., WAYNE ALDER,
TERESA HOFFMAN, ESQ. A/K/A TERESA  SUE
ABOOD, ESQ., LAW OFFICES OF  HOFFMAN &
HOFFMAN, P.A., SEAN LANGTON, ESQ.,
MAGGIE BERRYMAN, ESQ., ET AL.,

      Appellees.

_____/

Opinion filed July 1, 2022

Appeal  from  the  Circuit  Court
for Brevard County,
Charles J. Roberts, Judge.

Tino  Gonzalez,  of  Tino  Gonzalez,
P.A., Melbourne, for Appellant.

Ceci  C.  Berman  and  Joseph
T.  Eagleton,  of  Brannock  &
Humphries,  Tampa,   for  Appellees,
Becker  &  Poliakoff,  P.A. and
Wayne Alder.

Michael M. Brownlee, of Fisher Rushmer, P.A., Orlando, for Appellees, Teresa Hoffman, Esq. and Hoffman & Hoffman, P.A.

Ryan C. Tyler, of Boldt Law Firm, Boca Raton, for Appellees, Boldt Law Firm, P.A., Kimberly L. Boldt, Esq., and Jeffrey D. Mueller, Esq.

No Appearance for Other Appellees.

EDWARDS, J.

Appellant, Anneen Nina Gloria Baum, filed suit against multiple attorneys and firms who had represented her in probate litigation and a related appeal. In this consolidated appeal, she seeks reversal of each summary judgment that was entered in favor of three defendant law firms and the individual lawyer-defendants affiliated with the law firms. Appellant argues that the summary judgments were improvidently granted as there were genuine issues of material fact which remain to be litigated. We affirm as to The Boldt Law Firm, but we otherwise reverse for further proceedings.[1]

<u>Background Facts</u>

---

[1] We will refer to all of the Appellees in this opinion, excluding The Boldt Firm, collectively as "Appellees."

2

This is a legal malpractice case that arises out of probate litigation primarily in the nature of a will contest. Lawyers representing Appellant prior to Appellees becoming her counsel filed two related probate actions which attempted to revoke probate and to remove the personal representative, her brother, asserting that he exercised undue influence over their father, resulting in her being completely disinherited from the $100 million estate. However, Appellant's predecessor counsel failed to effect service of process upon the personal representative. The probate court issued a written order that set a firm deadline, December 13, 2013, by which service had to be perfected and specifically stated that parties not served by the deadline would be dropped. It is undisputed that process was not served by the deadline. Appellees did not yet represent Appellant when that deadline was missed.

In January 2014, the personal representative filed a motion to drop parties, including himself, and dismiss Appellant's probate litigation due to non-service by the deadline. Also in January 2014, Appellees Becker &

Poliakoff, P.A.[2] and Hoffman & Hoffman, P.A.[3] began representing Appellant, right around the time that motion was being filed.[4] The Appellees represented Appellant at the March 18, 2014 hearing on the personal representative's motion to drop parties and dismiss. They did not respond directly to the motion and made no effort during the March 18, 2014 hearing to show good cause or explain why Appellant had not timely perfected service.

Instead of responding to the motion to drop parties and dismiss, the Appellees only filed and argued a motion to amend, which proposed combining the two probate actions into one petition to supposedly streamline things going forward. During the March 18, 2014 hearing, the personal representative pointed out that the Appellees made absolutely no effort to

---

[2] Wayne Alder, an attorney at Becker & Poliakoff, P.A., was a defendant below and is also a named Appellee. (Collectively "Becker & Poliakoff").

[3] Teresa Hoffman a/k/a Teresa Abood, an attorney at Hoffman & Hoffman, P.A., was a defendant below and is also a named Appellee. (Collectively "Hoffman & Hoffman").

[4] The other appellees are lawyers Kimberly L. Boldt and Jeffrey D. Mueller and their law firm, The Boldt Law Firm. They became involved in the underlying probate litigation after the March 18, 2014 hearing and filing of the motion for rehearing and clarification. They were going to participate on Appellant's behalf with appellate legal representation regarding the dismissal of the probate litigation. (Collectively referred to hereinafter "The Boldt Law Firm").

explain Appellant's failure to meet the service deadline. The personal representative also argued to the probate court that the Appellant's recently filed motion to amend was no excuse for failing to serve process by the court-ordered deadline, citing the case of *Powell v. Madison County*, 100 So. 3d 753 (Fla. 1st DCA 2012), in which a similar effort had been rejected. The probate court entered written orders dropping the personal representative as a party and dismissing Appellant's probation litigation cases, effectively with prejudice, since the time for filing any will contest actions or similar action had passed.

After the orders dropping parties and dismissing the case were rendered, Appellees filed a motion for rehearing and clarification in which they, for the first time, argued that good cause and excusable neglect existed to excuse missing the deadline for serving process; they attached affidavits of Appellant's predecessor counsel and the process server outlining the unsuccessful attempts at serving process. Appellees also argued for the first time in the motion for rehearing that the probate court erred in dismissing the probate litigation without having conducted the analysis required by *Kozel v. Ostendorf*, 629 So. 2d 817 (Fla. 1993).[5] The probate court denied the motion

[5] The Florida Supreme Court in *Kozel* concluded that dismissing a case because a lawyer failed to comply with a court's order may often be too harsh. The supreme court found that although the trial court "acted within the

5

for rehearing and clarification, and the orders dropping parties and dismissing the case were affirmed on appeal.

<u>Summary of Malpractice Claims and Defenses</u>

This consolidated appeal includes a massive record reflecting years of litigation. We offer the following in an effort to simplify what is involved. Appellant filed a multi-count legal malpractice action against all the lawyers who represented her at any time in the probate litigation. This consolidated appeal only involves the summary judgments in favor of the named Appellees and does not concern claims against Appellant's predecessor counsel.

Appellees basically argue that what sunk Appellant's probate litigation was the failure of her predecessor counsel to effect timely service of process. Because that omission occurred before they ever got involved, Appellees argue that under no theory can they be liable. However, Appellant argues

---

boundaries of the law," the court's "decision to dismiss the case based solely on the attorney's neglect unduly punishes the litigant and espouses a policy that this Court does not wish to promote." *Kozel*, 629 So. 2d at 818. The *Kozel* factors were adopted for use in determining good cause under rule 1.070(j) in *Pixton v. Williams Scotsman, Inc.*, 924 So. 2d 37, 40 (Fla. 5th DCA 2006).

Here, Appellees ultimately argued in the motion for rehearing and clarification that the failure to timely serve process was solely due to Appellant's predecessor counsel with no fault on her individually.

6

that while her case already was in peril of going under before Appellees showed up, it had not yet sunk. Appellant argues that Appellees Becker & Poliakoff and Hoffman & Hoffman represented to her that they could easily keep the probate litigation afloat by showing, during the March 18, 2014 hearing, good cause or excusable neglect for failing to serve process by the court-ordered deadline. Appellant asserts that when the probate court entered orders dropping parties and dismissing the case, her case would have been salvaged if Appellees had presented evidence of good cause at the initial hearing on the March 18, 2014 hearing on the motion to drop parties. Appellant claims that Appellees' representation of her was negligent, led to dismissal of her probate litigation, which in turn proximately resulted in her having no opportunity to receive anything from her father's $100 million estate. In other words, she claims that but for Appellees' alleged negligence, she would have prevailed on the personal representative's motion to drop parties and dismiss, which would have permitted her to pursue setting aside the probate of the subject will and would have given her a reasonable prospect of receiving some inheritance from her father's estate.

After litigation and discovery proceeded in the legal malpractice case, which is the subject of this appeal, the Appellees moved for summary

7

judgment.[6] The trial court granted the motions for summary judgment, and this timely appeal follows.

Standard of Review

District courts of appeal employ a de novo standard of review when it comes to summary judgments. *See Volusia Cnty. v. Aberdeen at Ormond Beach, L.P.*, 760 So. 2d 126, 130 (Fla. 2000). "Summary judgment is proper if there is no genuine issue of material fact and if the moving party is entitled to a judgment as a matter of law." *Id.* The underlying summary judgments were entered prior to the Florida Supreme Court's adoption of the new summary judgment standard.

Florida law is clear: "The moving party bears the initial burden of showing that, based on the summary judgment evidence, no material issues of fact exist and it is entitled to a judgment as a matter of law." *Boyle v. Hernando Beach S. Prop. Owners Ass'n*, 124 So. 3d 317, 319 (Fla. 5th DCA 2013) (citing *Holl v. Talcott,* 191 So. 2d 40, 43 (Fla. 1966); *Bryson v. Branch Banking & Tr. Co.*, 75 So. 3d 783, 785 (Fla. 2d DCA 2011); *Krol v. City of Orlando*, 778 So. 2d 490, 491–92 (Fla. 5th DCA 2001)). Until the moving

---

[6] Hoffman & Hoffman's motion for summary judgment adopted many of the arguments and documents set forth in Becker & Poliakoff's motion for summary judgment and its summary judgment evidence. In turn, The Boldt Law Firm filed a notice adopting the summary judgment motion previously filed by Hoffman & Hoffman.

8

party has met that burden, the non-moving party is not obliged to prove or disprove anything. If "the movant has met its initial burden, the non-moving party then bears the burden of showing that there are issues of material fact that exist and that the movant is not entitled to a judgment as a matter of law." *Id.* "The movant cannot satisfy that initial burden merely 'by showing that up until the time of his motion his adversary had not produced sufficient evidence in support of his pleadings to require a trial.'" *Fields v. Devereux Found., Inc.*, 244 So. 3d 1193, 1195 (Fla. 2d DCA 2018) (citations omitted). "The trial court must view the summary judgment evidence in the light most favorable to the non-moving party when deciding whether summary judgment is appropriate." *Boyle*, 124 So. 3d at 319 (citations omitted).

<u>Elements of a Legal Malpractice Claim Arising from Litigation</u>

"In Florida, to prevail on a legal malpractice claim, the plaintiff must prove the following three elements: (1) the attorney's employment; (2) the attorney's neglect of a reasonable duty; and (3) the attorney's negligence resulted in and was the proximate cause of loss to the client." *Tarleton v. Arnstein & Lehr*, 719 So. 2d 325, 328 (Fla. 4th DCA 1998) (citations omitted); *see also Bill Branch Chevrolet, Inc. v. Burnett*, 555 So. 2d 455, 456 (Fla. 2d DCA 1990). The central issue in this appeal is Appellees' argument that they

could not be the proximate cause of Appellant's case being dismissed because prior counsel had already missed the deadline to serve process.

<u>Appellees' Response to Motion to Drop Parties and Dismiss</u>

Becker & Poliakoff argued below and on appeal that Appellant's probate litigation was "effectively dismissed" in December 2013; however, the hearing on the motion to dismiss occurred in March 2014 and the orders of dismissal were rendered in April 2014, weeks if not months after Appellees undertook to represent Appellant.  The fact that the deadline for serving process was missed obviously did not by itself terminate Appellant's probate litigation.  In fact, Appellees were retained, at least in part, to take reasonable steps to avoid the adverse consequences of Appellant's predecessor counsel's failure to effect service of process.  According to Appellant's affidavit opposing summary judgment, Appellees Hoffman & Hoffman and Becker & Poliakoff specifically represented to Appellant that they would respond to the motion to drop parties and dismiss.  From all facts in the record, the Appellees undertook the duty to respond to the motion to drop parties and dismiss to keep Appellant's probate litigation going.

The facts demonstrate that the Appellees did not directly respond to the personal representative's motion to drop parties and dismiss, nor did they make any attempt, prior to or during the March 18, 2014 hearing, to prove

10

good cause or excusable neglect for failure to timely serve process. Thus, there is clearly a dispute concerning Appellees' claim that they "did everything possible to revive the [probate] claim."

Appellees, Hoffman & Hoffman and Becker & Poliakoff, claimed during the summary judgment hearing and in this appeal that there was absolutely no hope of dealing with the consequences of Appellant's predecessor counsel's failure to timely serve process. They claim that missing the December 13, 2013 deadline meant that Appellant's probate litigation was already "Black-Flag"[7] dead before they got involved. We reject this argument given Appellees' failure to offer any evidence concerning good cause. Whether the grounds and proofs later offered by Appellees would have successfully excused failing to serve process, or if the trial court would have employed some sanction other than dismissal pursuant to *Kozel*, also remains disputed. Indeed, Appellant points to testimony that, if timely presented at the March 18, 2014 hearing, could demonstrate Appellant played no role in the failure to timely serve process, other than to inquire frequently as to the status of service.

---

[7] The trial court used that term, an apparent reference to the predictable consequence of insects being sprayed with Black-Flag brand insecticide.

11

Thus, summary judgment was improvidently granted as to Appellees, Hoffman & Hoffman and Becker & Poliakoff.

<u>Conclusion</u>

Accordingly, for the reasons set forth above, we find that the trial court erred in granting summary judgment for the Appellees. We therefore reverse and remand for further proceedings consistent with this opinion.

REVERSED and REMANDED for further proceedings.

EISNAUGLE and SASSO, JJ., concur.