IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED


ANNEEN NINA GLORIA BAUM,

        Appellant,

    v.

        Case Nos. 5D19-2156
                       5D19-3750
        LT Case No. 2017-CA-049763


BECKER & POLIAKOFF, P.A., WAYNE ALDER,
TERESA HOFFMAN, ESQ. A/K/A TERESA
SUE ABOOD, ESQ., LAW OFFICES OF
HOFFMAN & HOFFMAN, P.A., SEAN
LANGTON, ESQ., MAGGIE BERRYMAN, ESQ.,
ET AL.,

        Appellees.

_____/

Opinion filed November 18, 2022

Appeal from the Circuit Court
for Brevard County,
Charles J. Roberts, Judge.

Tino Gonzalez, of Tino Gonzalez,
P.A., Melbourne, for Appellant.

Ceci C. Berman and Joseph T.
Eagleton, of Brannock & Humphries,
Tampa, and Robert D. Critton and J.
Chris Bristow, of Critton, Luttier &

Coleman, LLP, West Palm Beach,
for Appellees, Becker & Poliakoff,
P.A. and Wayne Alder.

Michael M. Brownlee, of Fisher
Rushmer, P.A., Orlando, for
Appellees, Teresa Hoffman, Esq.
and Hoffman & Hoffman, P.A.

Ryan C. Tyler, of Boldt Law Firm,
Boca Raton, for Appellees, Boldt
Law Firm, P.A., Kimberly L. Boldt,
Esq., and Jeffrey D. Mueller, Esq.

No Appearance for Other Appellees.

EDWARDS, J.

## ON MOTION FOR REHEARING

Appellees, Becker & Poliakoff and Hoffman & Hoffman, have moved for rehearing and rehearing en banc, which motions are denied. We withdraw our prior opinion and substitute this opinion in its place to clarify certain matters.

Appellant, Anneen Nina Gloria Baum, filed suit against multiple attorneys and firms who had represented her in probate litigation and a related appeal. In this consolidated appeal, she seeks reversal of each summary judgment that was entered in favor of three defendant law firms and the individual lawyer-defendants affiliated with the law firms. Appellant argues that the summary judgments were improvidently granted as there

2

were genuine issues of material fact which remained to be litigated. We affirm as to The Boldt Law Firm, but we otherwise reverse for further proceedings.[1]

Background Facts

This is a legal malpractice case that arises out of probate litigation primarily in the nature of a will contest. Lawyers representing Appellant prior to Appellees becoming her counsel filed two related probate actions which attempted to revoke probate and remove the personal representative, her brother, asserting that he exercised undue influence over their father, resulting in her being completely disinherited from the $100 million estate. However, Appellant's predecessor counsel failed to effect service of process upon the personal representative. The probate court issued a written order that set a firm deadline, December 13, 2013, by which service had to be perfected and specifically stated that parties not served by the deadline would be dropped. It is undisputed that process was not served by the deadline. Appellees did not yet represent Appellant when that deadline was missed.

---

[1] We will refer to all of the Appellees in this opinion, excluding The Boldt Firm, collectively as "Appellees."

3

In January 2014, the personal representative filed a motion to drop parties, including himself, and dismiss Appellant's probate litigation due to non-service by the deadline. Hoffman & Hoffman, P.A.[2] and Becker & Poliakoff began representing Appellant sometime January or February of 2014. In response to the motion to drop parties and dismiss, Appellees filed a motion to amend, which proposed combining the two probate actions into one petition to supposedly streamline things going forward. The motion did not argue good cause for failure to serve the personal representative.

Appellees[3] appeared on behalf of Appellant at the March 18, 2014 hearing on the personal representative's motion to drop parties and dismiss. They did not respond directly to the motion and again made no effort during

---

[2] Teresa Hoffman a/k/a Teresa Abood, and Sean Langton, attorneys at Hoffman & Hoffman, P.A., were defendants below and are also named as Appellees (collectively "Hoffman & Hoffman"). In one aspect of their motion for rehearing, Hoffman & Hoffman argue that Sean Langton's involvement in the underlying case was de minimis and that summary judgment as to him should have been affirmed. In resolving the motions for rehearing, this Court has considered that argument and concluded that the record is not yet ripe as to that issue; therefore, that aspect of Hoffman & Hoffman's motion for rehearing is denied without prejudice.

[3] The other appellees are lawyers Kimberly L. Boldt and Jeffrey D. Mueller and their law firm, The Boldt Law Firm (collectively referred to hereinafter "The Boldt Law Firm"). They became involved in the underlying probate litigation after the March 18, 2014 hearing and filing of the motion for rehearing and clarification. They were going to participate on Appellant's behalf with appellate legal representation regarding the dismissal of the probate litigation.

the March 18, 2014 hearing to show good cause or explain why Appellant had not timely perfected service.

During that hearing, the personal representative pointed out to the probate court that Appellees made absolutely no effort to explain Appellant's failure to meet the service deadline. The personal representative also argued to the probate court that Appellant's recently filed motion to amend was no excuse for failing to serve process by the court-ordered deadline, citing the case of *Powell v. Madison County*, 100 So. 3d 753 (Fla. 1st DCA 2012), in which a similar effort had been rejected. The probate court entered written orders dropping the personal representative as a party and dismissing Appellant's probate litigation cases, effectively with prejudice, since the time for filing any will contest actions or similar action had passed.

After the orders dropping parties and dismissing the case were rendered, Appellees filed a motion for rehearing and clarification in which they, for the first time, argued that good cause and excusable neglect existed to excuse missing the deadline for serving process; they attached affidavits of Appellant's predecessor counsel and the process server outlining the unsuccessful attempts at serving process.[4] Appellees also argued for the

---

[4] We do not decide here whether the motion for rehearing was timely filed.

first time in the motion for rehearing that the probate court erred in dismissing the probate litigation without having conducted the analysis required by *Kozel v. Ostendorf*, 629 So. 2d 817 (Fla. 1993).[5] The probate court denied the motion for rehearing and clarification, and the orders dropping parties and dismissing the case were affirmed on appeal.

Summary of Malpractice Claims and Defenses

This consolidated appeal includes a massive record reflecting years of litigation. We offer the following in an effort to simplify what is involved. Appellant filed a multi-count legal malpractice action against all the lawyers who represented her at any time in the probate litigation. This consolidated appeal only involves the summary judgments in favor of the named Appellees and does not concern claims against Appellant's predecessor counsel.

---

[5] The Florida Supreme Court in *Kozel* concluded that dismissing a case because a lawyer failed to comply with a court's order may often be too harsh. The supreme court found that although the trial court "acted within the boundaries of the law," the court's "decision to dismiss the case based solely on the attorney's neglect unduly punishes the litigant and espouses a policy that this Court does not wish to promote." *Kozel*, 629 So. 2d at 818. The *Kozel* factors were adopted for use in determining good cause under Florida Rule of Civil Procedure 1.070(j) in *Pixton v. Williams Scotsman, Inc.*, 924 So. 2d 37, 40 (Fla. 5th DCA 2006).

Appellees basically argue that what sank Appellant's probate litigation was the failure of her predecessor counsel to effect timely service of process. Because that omission occurred before they ever got involved, Appellees argue that under no theory can they be liable. However, Appellant argues that while her case already was in peril of going under before Appellees showed up, it had not yet sunk. Appellant alleged in her affidavit opposing summary judgment that Appellees were aware of the November 15, 2013 order setting the deadline for service of process and further that Becker & Poliakoff represented to her they could and would easily overcome it. Appellant also alleged that Appellees indeed could have salvaged her case by showing good cause or excusable neglect during the March 18, 2014 hearing; however, they made no effort to do so. Appellant contends that Appellees' representation of her was negligent and led to dismissal of her probate litigation, which in turn proximately resulted in her having no opportunity to receive anything from her father's $100 million estate. In other words, she claims that but for Appellees' alleged negligence, she would have prevailed on the personal representative's motion to drop parties and dismiss, which would have permitted her to pursue setting aside the probate of the subject will and would have given her a reasonable prospect of receiving some inheritance from her father's estate.

After litigation and discovery proceeded in the legal malpractice case, which is the subject of this appeal, Appellees moved for summary judgment.[6] The trial court granted the motions for summary judgment, and this timely appeal follows.

<u>Standard of Review</u>

District courts of appeal employ a de novo standard of review when it comes to summary judgments. *See Volusia Cnty. v. Aberdeen at Ormond Beach, L.P.*, 760 So. 2d 126, 130 (Fla. 2000). "Summary judgment is proper if there is no genuine issue of material fact and if the moving party is entitled to a judgment as a matter of law." *Id.* The underlying summary judgments were entered prior to the Florida Supreme Court's adoption of the new summary judgment standard.

Florida law is clear: "The moving party bears the initial burden of showing that, based on the summary judgment evidence, no material issues of fact exist and it is entitled to a judgment as a matter of law." *Boyle v. Hernando Beach S. Prop. Owners Ass'n*, 124 So. 3d 317, 319 (Fla. 5th DCA 2013) (citing *Holl v. Talcott,* 191 So. 2d 40, 43 (Fla. 1966); *Bryson v. Branch*

---

[6] Hoffman & Hoffman's motion for summary judgment adopted many of the arguments and documents set forth in Becker & Poliakoff's motion for summary judgment and its summary judgment evidence. In turn, The Boldt Law Firm filed a notice adopting the summary judgment motion previously filed by Hoffman & Hoffman.

*Banking & Tr. Co.*, 75 So. 3d 783, 785 (Fla. 2d DCA 2011); *Krol v. City of Orlando*, 778 So. 2d 490, 491–92 (Fla. 5th DCA 2001)).  Until the moving party has met that burden, the non-moving party is not obliged to prove or disprove anything.  If "the movant has met its initial burden, the non-moving party then bears the burden of showing that there are issues of material fact that exist and that the movant is not entitled to a judgment as a matter of law." *Id.*  "The movant cannot satisfy that initial burden merely 'by showing that up until the time of his motion his adversary has not produced sufficient evidence in support of his pleadings to require a trial.'" *Fields v. Devereux Found., Inc.*, 244 So. 3d 1193, 1195 (Fla. 2d DCA 2018) (citations omitted).  "The trial court must view the summary judgment evidence in the light most favorable to the non-moving party when deciding whether summary judgment is appropriate." *Boyle*, 124 So. 3d at 319 (citations omitted).

<u>Elements of a Legal Malpractice Claim Arising from Litigation</u>

"In Florida, to prevail on a legal malpractice claim, the plaintiff must prove the following three elements: (1) the attorney's employment; (2) the attorney's neglect of a reasonable duty; and (3) the attorney's negligence resulted in and was the proximate cause of loss to the client." *Tarleton v. Arnstein & Lehr*, 719 So. 2d 325, 328 (Fla. 4th DCA 1998) (citations omitted); *see also Bill Branch Chevrolet, Inc. v. Burnett*, 555 So. 2d 455, 456 (Fla. 2d

9

DCA 1990). The central issue in this appeal is Appellees' argument that they could not be the proximate cause of Appellant's case being dismissed because prior counsel had already missed the deadline to serve process.

<u>Appellees' Response to Motion to Drop Parties and Dismiss</u>

Becker & Poliakoff argued below and on appeal that Appellant's probate litigation was "effectively dismissed" in December 2013; however, the hearing on the motion to dismiss occurred in March 2014 and the orders of dismissal were rendered in April 2014, weeks if not months after Appellees undertook to represent Appellant. The fact that the deadline for serving process was missed obviously did not by itself terminate Appellant's probate litigation. In fact, according to Appellant's affidavit opposing summary judgment, Appellees were retained, at least in part, to take reasonable steps to avoid the adverse consequences of Appellant's predecessor counsel's failure to effect service of process. From all facts in the summary judgment record, Appellees undertook the duty to respond to the motion to drop parties and dismiss to keep Appellant's probate litigation going.

However, the facts demonstrate that Appellees made no attempt, prior to or during the March 18, 2014 hearing, to prove good cause or excusable neglect for failing to timely serve process. Thus, there is clearly a dispute

10

concerning Appellees' claim that they "did everything possible to revive the [probate] claim."

Appellees, Hoffman & Hoffman and Becker & Poliakoff, claimed during the summary judgment hearing and in this appeal that there was absolutely no hope of dealing with the consequences of Appellant's predecessor counsel's failure to timely serve process. They argue that missing the December 13, 2013 deadline meant that Appellant's probate litigation was already "Black-Flag"[7] dead before they got involved. We reject this argument, for purposes of summary judgment on this record, given Appellees' failure to offer any evidence prior to or during the March 18, 2014 hearing concerning good cause. Whether the grounds and proofs later offered by Appellees would have successfully excused failing to serve process, or if the trial court would have employed some sanction other than dismissal pursuant to *Kozel*, also remain disputed. Indeed, Appellant points to testimony that, if timely presented at the March 18, 2014 hearing, could demonstrate Appellant played no role in the failure to timely serve process, other than to inquire frequently as to the status of service.

---

[7] The trial court used that term, an apparent reference to the predictable consequence of insects being sprayed with Black-Flag brand insecticide.

11

Thus, summary judgment was improvidently granted as to Appellees, Hoffman & Hoffman and Becker & Poliakoff.

<u>Conclusion</u>

Accordingly, for the reasons set forth above, we find that the trial court erred in granting summary judgment for Appellees. We therefore reverse and remand for further proceedings consistent with this opinion.

REVERSED and REMANDED for further proceedings.

EISNAUGLE and SASSO, JJ., concur.